JUDGE McMAHON 11 CV 0377

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz*
1515 S. Federal Highway, Suite 4-4
Boca Raton, Florida 33432
Telephone: (456) 447-8888
**pro hac vice application forthcoming*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
JAN 19 2011
U.S.D.C. S.D. N.Y.
COMPLETED

KYLE PIPPINS and JAMIE SCHINDLER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KPMG LLP,

Defendant.

**No. 11 Civ. ________**

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs Kyle Pippins and Jamie Schindler (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## <u>NATURE OF THE ACTION</u>

1. Defendant KPMG LLP ("KPMG" or "Defendant") is an audit, tax, and advisory firm with 87 offices nationwide and more than 23,000 employees. It is the U.S.-member firm of KPMG International, which works in 144 countries and had combined revenues of over $20 billion in 2009.

2. Plaintiffs Kyle Pippins ("Pippins") and Jamie Schindler ("Schindler") worked for KPMG as Audit Associates and/or as Audit Associate Seconds (together, "Audit Associates"), an entry-level job that requires no advanced level training and primarily involves performance of

routine duties such as photocopying, data entry, and basic review, inventory, and comparison of client documents and records. Audit Associates work as the lowest-level members of the teams tasked with auditing KPMG's clients' records.

3. Throughout the relevant period, it has been KPMG's nationwide policy to deprive its Audit Associates of earned overtime wages. In order to avoid paying Audit Associates overtime premiums for hours they worked in excess of 40 in a workweek, KPMG has uniformly misclassified them as exempt from federal overtime protections. The primary duties of these employees do not fall under any exemption. Audit Associates perform their duties under the close supervision of more senior KPMG employees and exercise little, or no, independent judgment and discretion. Audit Associates' primary duties do not vary significantly from one KPMG location to another.

4. Audit Associates are regularly scheduled for, and regularly work in excess of 40 hours per week, sometimes as many as 65 hours or more, regardless of the KPMG customer to which they are assigned.

5. By the conduct described in this Complaint, Defendant has violated the Fair Labor Standards Act by failing to pay Audit Associates, including Plaintiffs, overtime as required by law. These violations arose out of Defendant's uniform company-wide policies and its pattern or practice of violating wage and hour laws.

6. Plaintiffs bring this action on behalf of themselves and similarly situated current and former KPMG Audit Associates whom KPMG classified as exempt and who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

## THE PARTIES

**Plaintiffs**

**Kyle Pippins**

7. Plaintiff Pippins is an adult individual who is a resident of Dallas, Texas.

8. Pippins was employed by Defendant as an Audit Associate in Texas from approximately September 2007 through approximately March 2009.

9. Prior to becoming an Audit Associate, Pippins participated in KPMG's 12-week internship program.

10. Throughout the relevant period, Pippins was a covered employee within the meaning of the FLSA.

11. Pippins' written consent to join this case is attached as Exhibit A.

**Jamie Schindler**

12. Plaintiff Schindler is an adult individual who is a resident of Pembroke Pines, Florida.

13. Schindler was employed by Defendant as an Audit Associate in Florida from approximately August 2008 through approximately April 2009.

14. Prior to becoming an Audit Associate, Schindler participated in KPMG's 12-week internship program.

15. Throughout the relevant period, Schindler was a covered employee within the meaning of the FLSA.

16. Schindler's written consent to join this case is attached as Exhibit A.

**Defendant**

17. Throughout the relevant period, KPMG maintained control, oversight, and

direction over Plaintiffs and similarly situated employees, including the payroll and other employment practices that applied to them.

18. KPMG is a Delaware limited liability partnership with its headquarters located at 345 Park Avenue in New York City.

19. KPMG operates 87 offices throughout the United States.

20. KPMG employs 16,459 individuals in the United States.

21. Upon information and belief, between 2009 and 2010, KPMG recruited approximately 3,700 recent graduates, which it refers to as "campus hires."

22. Upon information and belief, most campus hires become Audit Associates.

23. Throughout the relevant period, KPMG employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

24. KPMG is an employer within the meaning of the FLSA.

25. KPMG is the entity printed on Plaintiffs' paystubs.

26. KPMG applies the same employment policies, practices, and procedures, including with respect to payment of overtime, to all Audit Associates throughout the United States.

27. KPMG has classified all Audit Associates as exempt from the overtime requirements of state and federal law.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

29. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

30. Defendant is subject to personal jurisdiction in New York.

31. Defendant's headquarters is located in New York City.

32. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

33. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant's headquarters are located in that district and, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in that district.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs bring an FLSA claim on behalf of themselves and all similarly situated persons who have worked for Defendant as "Audit Associates" or "Audit Associate Seconds" within the three years prior to the filing of this Complaint, whom Defendant classified as exempt, and who elect to opt-in to this action (the "FLSA Collective").

35. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective. The FLSA claim in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

36. All of the work that Plaintiffs and the FLSA Collective performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

37. Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Defendant's headquarters in New York City.

38. During the relevant period, it has been Defendant's nationwide policy and pattern or practice to classify all Audit Associates as exempt from coverage of the overtime provisions of the FLSA.

39. Defendant made the decision to classify all Audit Associates as exempt.

40. Defendant paid all Audit Associates a weekly wage and failed to pay them for any hours they worked in excess of 40 hours in a workweek.

41. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes but is not limited to:

a. willfully failing to record all of the time that Plaintiffs and the FLSA Collective members have worked for the benefit of the Defendant;

b. willfully misclassifying the Plaintiffs and the FLSA Collective members as exempt from the requirements of the FLSA; and

c. willfully failing to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per week.

42. Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

43. During the relevant period, each KPMG audit team assigned to a particular KPMG customer was required to perform their duties in accordance with a budget that had been negotiated between KPMG and the customer.

44. When Audit Associates could not complete their duties within the time afforded by the budget, KPMG discouraged them from accurately recording all of the time they worked.

45. Defendant was aware, or should have been aware, that federal law required it to pay Plaintiffs and FLSA Collective members an overtime premium for hours worked in excess of 40 per week.

46. Defendant was aware, or should have been aware, that Plaintiffs and the FLSA Collective members (a) primarily performed routine tasks, such as basic document and records reviews, data entry, and photocopying; (b) were closely supervised by more senior KPMG employees; and (c) exercised little or no discretion in the performance of their duties.

47. Notwithstanding their job duties, Defendant classified Plaintiffs and FLSA Collective as exempt employees in an attempt to avoid paying them overtime compensation.

48. Defendant's failure to pay Plaintiffs and FLSA Collective members overtime wages for their work in excess of 40 hours per week was willful.

49. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Pippins**

50. Pippins' primary job duties were routine tasks, including basic client document

and records reviews, inventory counts, photocopying, and data entry.

51. Pippins regularly worked more than 40 hours per week and sometimes as many as 65 hours per week.

52. Pursuant to Defendant's policy and pattern or practice, Defendant classified Pippins as exempt from overtime pay requirements and willfully failed to pay him for hours he worked for Defendant's benefit in excess of 40 hours per workweek.

53. Pippins worked for Defendant first as an Audit Associate and later as an Audit Associate Second.

54. Pippins was not required to be certified as a Certified Public Accountant in order to perform the duties of either the Audit Associate or Audit Associate Second position.

55. Defendant failed to keep accurate records of Pippins' hours worked.

**Schindler**

56. Schindler's primary job duties were routine tasks, including basic client document and records reviews, inventory counts, photocopying, and data entry.

57. Schindler regularly worked more than 40 hours per week and sometimes as many as 65 hours per week.

58. Pursuant to Defendant's policy and pattern or practice, Defendant classified Schindler as exempt from overtime pay requirements and willfully failed to pay her for hours she worked for Defendant's benefit in excess of 40 hours per workweek.

59. Schindler worked for Defendant as an Audit Associate.

60. Schindler was not required to be certified as a Certified Public Accountant in order to perform the duties of the Audit Associate position.

61. Defendant failed to keep accurate records of Schindler's hours worked.

**<u>CAUSE OF ACTION</u>**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**On behalf of Plaintiffs and the FLSA Collective**

62. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

64. At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

66. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67. At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

68. Defendant employed Plaintiffs and the members of the FLSA Collective as their employer.

69. Defendant failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

70. Defendant failed to keep accurate records of time worked by Plaintiffs and the members of the FLSA Collective.

71. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

72. Defendant did not make a good faith effort to comply with the FLSA with respect

to their compensation of Plaintiffs and the members of the FLSA Collective.

73. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. As a result of Defendant's violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendant as an Audit Associate and/or Audit Associate Second and classified as exempt by Defendant. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime;

C. An additional and equal amount as liquidated damages under the FLSA;

D. Appropriate equitable and injunctive relief to remedy Defendant's violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. Pre-Judgment and Post-Judgment interest, as provided by law;

F. Attorneys' fees and costs of suit, including expert fees; and

G. Such other injunctive and equitable relief as the Court may deem just and proper.

* * *

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
January 19, 2011

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

________________________
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz*
1515 S. Federal Highway, Suite 4-4
Boca Raton, Florida 33432
Telephone: (456) 447-8888
**pro hac vice application forthcoming*

**Attorneys for Plaintiffs and the FLSA Collective**

# EXHIBIT A

**CONSENT TO BE A PARTY PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against KPMG and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Shavitz Law Group, P.A. and Outten & Golden LLP ("the Firms") to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against KPMG and/or any related entities or persons potentially liable.

Signature

1/19/11
Date

Kyle Pippins
Print

REDACTED
Address

Dallas, TX 75207
City, State and Zip Code

REDACTED [redacted]

**CONSENT TO BE A PARTY PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against KPMG and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Shavitz Law Group, P.A. and Outten & Golden LLP ("the Firms") to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against KPMG and/or any related entities or persons potentially liable.

Signature

1/19/11
Date

Jamie Schindler
Print

REDACTED [redacted]
Address

Pembroke Pines, FL 33024
City, State and Zip Code