UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                 :

KYLE PIPPINS and JAMIE SCHINDLER, Individually   :
and On Behalf of All Others Similarly Situated,         :
                                                                 :   **11 CV 0377 (CM)**
                  Plaintiffs,                     :

            -against-                       :

KPMG LLP,                                         :

                  Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
# MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY THIS ACTION

SIDLEY AUSTIN LLP

Andrew W. Stern
Eric G. Hoffman
787 Seventh Avenue
New York, New York 10022
Tel.: (212) 839-5300
Fax: (212) 839-5599
Email: astern@sidley.com
Email: eghoffman@sidley.com

*Attorneys for Defendant KPMG LLP*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND OF THE TWO ACTIONS ........................................................................... 2

    A.    *In re KPMG Overtime Litigation* ............................................................................ 2

    B.    The Instant Litigation ............................................................................................ 3

ARGUMENT ............................................................................................................................... 4

    I.    THE "FIRST-FILED" RULE REQUIRES THAT THIS ACTION BE
TRANSFERRED OR STAYED IN FAVOR OF THE EARLIER-FILED
*IN RE KPMG OVERTIME LITIGATION* ............................................................. 4

        A.    The "First-Filed" Rule Applies Because This Case is Subsumed by
*In re KPMG Overtime Litigation* ........................................................... 5

        B.    Plaintiffs Cannot Show That Any Special Circumstances Justify
Departing from the "First-Filed" Rule .................................................... 6

            1.    The balance of convenience favors transfer ............................... 6

            2.    The "special circumstances" of this case also favor transfer ... 9

CONCLUSION .......................................................................................................................... 12

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Amick v. American Exp. Travel Related Services Co.*, No. 09 Civ. 9780, 2010 WL 307579 (S.D.N.Y. Jan. 26, 2010)..............................................................................8, 9

*Benavides v. Home Depot USA, Inc.*, 2006 WL 1406722 (S.D. Tex. May 19, 2006)....................5

*Boys Clubs of Am. v. Goodyear Tire & Rubber Co.*, 690 F. Supp. 303 (S.D.N.Y. 1988)...............8

*First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) ..................................6

*Fisher v. Rite Aid Corp.*, 2010 WL 2332101 (D. Md. June 8, 2010) .............................................5

*French Transit, LTD v. Modern Coupon Systems*, 858 F.Supp. 22 (S.D.N.Y. 1994) ....................7

*Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005)....................5

*Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569 (S.D.N.Y. 2004)...............4

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101 (S.D.N.Y. 2003) ...................11

*In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164 (E.D.N.Y. 2006)...........8, 9

*Jumapao v. Washington Mutual Bank, F.A.*, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) ...................................................................................................................... 4-5

*Kramer v. NCS Pearson, Inc.*, 2003 WL 21640494 (D. Minn. July 9, 2003) ................................5

*Levitt v. State of Maryland Deposit Insurance Fund Corp.*, 643 F. Supp. 1485 (E.D.N.Y. 1986) .......................................................................................................................9

*Naula v. Rite Aid of N.Y.*, No. 08 Civ. 11364, 2010 WL 2399364 (S.D.N.Y. Mar. 23, 2010) ................................................................................................................. 5-6, 10

*Spotless Enter. Inc. v. Accessories Corp.*, 415 F. Supp. 2d 203 (E.D.N.Y. 2006) .................. 5, 6-7

*Steavens v. Electronic Data Sys. Corp.*, 2008 WL 5062847 (E.D. Mich. Nov. 25, 2008)..............4

*White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339 (S.D. Miss. 2008) ...............................................4

*Williams v. Kerr Glass Manufacturing Corp*, 630 F. Supp. 266 (E.D.N.Y. 1986) ........................7

*Zepherin v. Greyhound Lines Inc.*, 415 F. Supp. 2d 409 (S.D.N.Y. 2006).....................................8

Defendant KPMG, by and through its counsel, Sidley Austin LLP, respectfully submits this memorandum of law in support of its Motion to Transfer or, in the Alternative, Stay This Action.

## PRELIMINARY STATEMENT

By their Complaint, Plaintiffs Kyle Pippins and Jamie Schindler, seek to prosecute a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of themselves and "all similarly situated persons who have worked for Defendant as 'Audit Associates' or 'Audit Associate Seconds' within the three years prior to the filing of this Complaint, whom Defendant classifies as exempt . . ." (Compl. ¶ 34.) As explained below, this proposed cohort of FLSA opt-in plaintiffs is subsumed within the definition of another proposed FLSA collective class prosecuting an earlier-filed consolidated action pending in the Central District of California, *In re KPMG Overtime Litigation*, No. 07-04396-RSWL-CW. Accordingly, pursuant to the "first-filed" rule and basic principles of judicial economy, this action should be transferred to the Central District of California for consolidated or coordinated proceedings as that court deems appropriate.

The "first-filed" rule ordinarily requires that a subsequent, duplicative action be transferred or stayed in favor of the earlier action, and places the burden on Plaintiffs to demonstrate special circumstances that justify departing from the rule. Plaintiffs here cannot make the required showing. Indeed, no matter what Plaintiffs might argue in order to resist a transfer or stay of this action, there is one key circumstance which definitively tips the scale in favor of such a transfer or stay: the putative opt-in FLSA plaintiffs may pursue greater relief in *In re KPMG Overtime Litigation* than they could in this case, because the statute of limitations has been equitably tolled in *In re KPMG Overtime Litigation* since mid-September 2009. As such, even the named plaintiffs in this action – who left their employment with KPMG almost

1

two years ago – would be in a better position if they were to opt-in to *In re KPMG Overtime Litigation* than if they were to prosecute their nascent action under the FLSA's two- or three-year limitations period.

Because Plaintiffs cannot justify any departure from the "first-filed" rule, the action should be transferred to the Central District of California, or, in the alternative, stayed until the court in *In re KPMG Overtime Litigation* decides whether notices should be sent out to the putative opt-in "class."

## BACKGROUND OF THE TWO ACTIONS

**A.**     *In re KPMG Overtime Litigation*

*In re KPMG Overtime Litigation* began as several actions against KPMG alleging violations of California state labor laws, the first of which was filed on May 15, 2007. The cases were consolidated on June 5, 2008, and a Consolidated Complaint was filed shortly thereafter. On May 1, 2009, Plaintiffs filed an Amended Consolidated Complaint, which asserted FLSA claims on behalf of a nationwide group of KPMG employees. (A copy of the Amended Consolidated Complaint is attached to the Declaration of Eric G. Hoffman, Esq. ("Hoffman Decl."), submitted herewith, as Exhibit A.)

The scope of employees sought to be included in the FLSA collective action in *In re KPMG Overtime Litigation* is defined as "[a]ll current and former Uncertified Employees who work(ed) for Defendant and are/were engaged in Customer Services and who elect to opt-in to this action." (ACC ¶ 53.) The terms "Uncertified Employees" and "Customer Services" are defined in the ACC to mean "employees who served as 'Associates' and/or 'Senior Associates' and who provide(d) ***audit***, advisory, tax and other accounting services to customers (collectively, 'Customer Services') and are/were not licensed as Certified Public Accountants." (Id. ¶ 2. (emphasis added).)

2

As noted above, the parties have stipulated to equitable tolling of the statute of limitations for the potential opt-in plaintiffs in *In re KPMG Overtime Litigation*. In particular, on September 18, 2009, in connection with a stay of the proceedings pending the Ninth Circuit's decision in *Campbell v. PriceWaterhouseCoopers, LLP*, No. 09-16370 (a similar case involving state law claims against another accounting firm), the California district court ordered that "[t]he statute of limitations with respect to potential opt-in claimants to the FLSA claim will be equitably tolled for the duration of the stay." (*See* Order Regarding Stay Pending Resolution of Proceedings in Analogous Case, dated Sep. 18, 2009, ¶ 2, attached to the Hoffman Decl. as Exh. B.) Pursuant to that order, the case will resume shortly after the Ninth Circuit's decision, and, indeed, the stay order specifically adjusts the briefing schedule of the plaintiffs' "anticipated motion for conditional class certification of the FLSA claims." (*Id.* ¶ 4.) The *Campbell* case is set for oral argument the same day this brief is due: February 15, 2011.[1]

**B.** **The Instant Litigation**

Plaintiffs Kyle Pippins and Jamie Schindler allege that they reside in, and worked for KPMG in, Texas and Florida, respectively. (Compl. ¶¶ 7-8, 12-13.)[2] Plaintiffs allege that Pippins was employed by KPMG from September 2007 through March 2009, and Schindler was employed by KPMG from August 2008 through April 2009. (*Id.* ¶¶ 8, 13.) Plaintiffs filed their Complaint in this action on January 19, 2011 – nearly two years after they had stopped working for KPMG.

---

[1] See United States Court of Appeals for the Ninth Circuit, Calendar For San Francisco, California, available at http://www.ca9.uscourts.gov/datastore/calendaring/2011/02/09/sf02_11.pdf.

[2] For the Court's convenience, a copy of the Plaintiffs' Complaint in this action is attached to the Hoffman Decl. as Exhibit C.

The scope of employees sought to be included in the instant FLSA collective action is defined to include Plaintiffs and "all similarly situated persons who have worked for Defendant as 'Audit Associates' or 'Audit Associate Seconds' within the three years prior to the filing of this Complaint, whom Defendant classifies as exempt and who elect to opt-in to this action." (Compl. ¶ 34.)  Plaintiffs also specifically allege, in aid of their misclassification argument, that they were "not required to be certified as a Certified Public Accountant" in order to perform their jobs.  (*Id.* ¶¶ 54, 60; *see also* ¶ 2 (alleging that Plaintiffs worked at "an entry-level job that requires no advanced level of training and primarily involves performance of routine duties such as photocopying, data entry, and basic review, inventory, and comparison of client documents and records").  Accordingly, as in *In re KPMG Overtime Litigation*, the scope of Plaintiffs' proposed collective "class" consists of Associates in KPMG's Audit practice whom Plaintiffs allege performed menial tasks that do not qualify for the professional exemption.  *See, e.g.*, *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 575, 577 (S.D.N.Y. 2004) (sanctioning plaintiff's counsel for asserting frivolous FLSA claim because "plaintiff was a Certified Public Accountant who fell within the exemptions for learned professionals" which was "clear from the text of the statute").

## ARGUMENT

**I.     THE "FIRST-FILED" RULE REQUIRES THAT THIS ACTION BE TRANSFERRED OR STAYED IN FAVOR OF THE EARLIER-FILED *IN RE KPMG OVERTIME LITIGATION*.**

Pursuant to the "first-filed" (or "first-to-file") rule, courts routinely transfer, stay or even dismiss FLSA collective actions that are filed after and substantially overlap an earlier-filed FLSA collective action.  *See, e.g. White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339 (S.D. Miss. 2008) (transferring FLSA collective action pursuant to first-filed rule); *Steavens v. Electronic Data Sys. Corp.*, 2008 WL 5062847 (E.D. Mich. Nov. 25, 2008) (same); *Jumapao v. Washington*

4

*Mutual Bank, F.A.*, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) (same); *Benavides v. Home Depot USA, Inc.*, 2006 WL 1406722 (S.D. Tex. May 19, 2006) (same); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005) (same); *Kramer v. NCS Pearson, Inc.*, 2003 WL 21640494 (D. Minn. July 9, 2003) (staying FLSA collective action in favor of first-filed action); *see also Fisher v. Rite Aid Corp.*, 2010 WL 2332101 (D. Md. June 8, 2010) (dismissing, pursuant to "first-to-file" rule, state law class claims that paralleled FLSA collective claims brought by same plaintiff in different district).  As explained below, there is no reason to treat the instant case differently.

### A. The "First-Filed" Rule Applies Because This Case is Subsumed by *In re KPMG Overtime Litigation.*

"Application of the [first-filed] rule requires that both cases have identical or substantially similar parties and claims."  *Spotless Enter. Inc. v. Accessories Corp.*, 415 F. Supp. 2d 203, 205-06 (E.D.N.Y. 2006) (noting that "the rule does not require identical parties in both cases, but merely requires 'substantial overlap'").  In this case, the two actions are plainly duplicative.  Indeed, the scope of the proposed collective action in *In re KPMG Overtime Litigation* completely subsumes the narrower scope proposed by Plaintiffs here.

Both cases would cover employees with the same job title, who are not licensed Certified Public Accountants, and who work in the same Audit function.  (*Compare* Compl. ¶¶ 34, 54, 60, *with* ACC ¶¶ 2, 53.)  Given the extreme similarity of the proposed scope in each action, there is precious little room for Plaintiffs to argue that there is even a single employee who could opt-in to their proposed collective action but who could not opt-in to *In re KPMG Overtime Litigation*.  While it is true that *In re KPMG Overtime Litigation* is broader in scope and includes state law claims and employees working outside of the Audit function, that is irrelevant since the claims here are duplicative of FLSA claims already pending in the first-filed case.  *Cf. Naula v. Rite Aid*

5

*of N.Y.*, No. 08 Civ. 11364, 2010 WL 2399364, at *2-3 (S.D.N.Y. Mar. 23, 2010) (holding that subsequent New York state law wage action was duplicative of first-filed action even though first-filed action included FLSA claims not present in subsequent action). Accordingly, the "first-filed" rule applies.

> **B.     Plaintiffs Cannot Show That Any Special Circumstances Justify Departing from the "First-Filed" Rule.**

Since KPMG has demonstrated that the two actions are "substantially similar," *Spotless Enter.*, 415 F. Supp. 2d at 205-06, the burden is on Plaintiffs to show that the balance of convenience or special circumstances favor the prosecution of their later-filed suit. *See First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (noting the "well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second"); *see id.* (upholding dismissal of subsequent action where plaintiff had "made no showing of 'special circumstances' which would warrant a departure from the first to file rule"); *Spotless Enter.*, 415 F. Supp. 2d at 206-07 (ordering transfer where plaintiff could not make the required showing). As explained below, the "balance of convenience" factors lean in favor of transfer and Plaintiffs cannot establish any "special circumstances" that would justify a departure from the "first-filed" rule.

> 1.     The balance of convenience favors transfer.

"Balancing factors of convenience is essentially an equitable task. For that reason, an 'ample degree of discretion' is afforded to the district courts in determining a suitable forum." *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80. Those factors include:

> (1) the convenience of the witnesses, as well as the availability of process to compel their attendance if unwilling; (2) the location of relevant documents and ease of access to sources of proof; (3) the convenience and relative means of the parties; (4) the locus of the

6

> operative facts; (5) the forums' respective familiarity with the governing law; (6) the weight accorded to the plaintiff's choice of forum; (7) trial efficiency and the interests of justice; and (8) any other relevant factors special to the two cases.[3]

*Spotless Enter.*, 415 F. Supp. 2d at 207. Consideration of these factors confirms that there is no justification for a departure from the "first-filed" rule in this case.

First, witnesses will be inconvenienced by parallel litigation. Neither forum represents a particularly convenient forum for all witnesses. Critically, however, the parties and witnesses will already sustain the burden of litigating in California (as there is no plausible chance that *In re KPMG Overtime Litigation* will be stayed or transferred in favor of this narrower, later-filed action) and, thus, parallel litigation in New York would be decidedly inconvenient for all involved. *See Williams v. Kerr Glass Manufacturing Corp*, 630 F. Supp. 266, 270-71 (E.D.N.Y. 1986) (holding that inevitability of witnesses being required to testify in Pennsylvania in parallel action weighed in favor of transfer away from New York). Moreover, KPMG is the only party with a connection to New York, as Plaintiffs are from Florida and Texas, and the fact that KPMG is willing to forego the convenience of litigating in New York speaks volumes about the inconvenience of continuing this duplicative litigation in parallel. On this factor standing alone, the Court should rule in favor of transfer. *See French Transit, LTD v. Modern Coupon Systems*, 858 F.Supp. 22, 27 (S.D.N.Y. 1994) ("The convenience of the witnesses is generally viewed as the most important factor in a transfer application.").

The second factor, the location of relevant documents, is nearly obsolete in the present era of emails and PDFs. In any event, given the nationwide scope of the case, it is a neutral factor here.

---

[3] We discuss this catch-all eighth factor only in our discussion of the alternative "special circumstances" showing that Plaintiffs may try to make.

Third, although New York may be convenient for Plaintiffs' counsel, the convenience of Plaintiffs' counsel is not a factor, and New York cannot be considered to be especially convenient for these out-of-state Plaintiffs, who hail from Florida and Texas. *See Zepherin v. Greyhound Lines Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006) ("While a plaintiff's choice of forum should be accorded some deference, that consideration is not entitled to the same weight where a plaintiff is not a resident of the forum district . . . Nor is the location of plaintiff's counsel a material consideration."); *Boys Clubs of Am. v. Goodyear Tire & Rubber Co.*, 690 F. Supp. 303, 304 n.1 (S.D.N.Y. 1988) ("The convenience of the forum to plaintiff's counsel is not a relevant consideration . . .").

Fourth, the locus of operative facts in a nationwide collective action is not limited to any one state. Indeed, whether Plaintiffs and the potential opt-ins were properly classified as "exempt" turns on an examination of their job duties, and Plaintiffs admit, as they must, that they performed those duties outside of New York. *See Amick v. American Exp. Travel Related Services Co.*, No. 09 Civ. 9780, 2010 WL 307579, at *2-3 (S.D.N.Y. Jan. 26, 2010) (holding that a nationwide FLSA collective action "would focus on violations of federal law that occurred in North Carolina, and perhaps in Arizona, Florida, and Utah – not New York" even though plaintiff alleged that employment policy was formulated at employer's New York headquarters).

Fifth, since the FLSA claims at issue are federal, there is no advantage to be gained from either "forums' respective familiarity with the governing law." *See In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 170 (E.D.N.Y. 2006) (holding that factor was neutral where claims are under federal law).

Sixth, the Plaintiffs' choice of forum is entitled to less deference because they do not reside in the chosen forum and they seek to bring claims on behalf of others in a nationwide

8

collective action.  *See Amick*, 2010 WL 307579, at *2-3 (holding that choice of New York by out-of-state plaintiff seeking to bring nationwide FLSA collective action was entitled to less deference); *In re Hanger Orthopedic Group*, 418 F. Supp. at 170 (holding that "when the plaintiff does not reside in the chosen forum" and brings a class action, his choice of forum is "a less significant consideration").  At best, this factor is only slightly in favor of Plaintiffs' position, and cannot overcome the "first-filed" rule.

Seventh, trial efficiency and the interests of justice will be best served if this action is transferred to the Central District of California so that the two actions can be consolidated or coordinated in one court.  If the cases proceed in parallel in two courts on two coasts, there are sure to be innumerable inefficiencies as well as the possibility of inconsistent rulings.  *See, e.g.*, *Levitt v. State of Maryland Deposit Insurance Fund Corp.*, 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986) ("Transfer of an action to a district where a related case is pending enables more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings, and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the party while at the same time serving the public interest.").

In sum, the balance of convenience clearly favors the transfer of this action, and Plaintiffs cannot carry their burden to overcome the usual operation of the "first-filed" rule.

        2.     The "special circumstances" of this case also favor transfer.

Based on Plaintiffs' proffer during the conference with the Court that precipitated this motion, KPMG expects that Plaintiffs will try to argue that the presence of California state law claims and the temporary stay of the proceedings in *In re KPMG Overtime Litigation* create the

9

requisite "special circumstances" to avoid the application of the "first-filed" rule.[4] These circumstances are not so special.

First, as noted above, the presence of additional claims in the other action does not make the actions any less duplicative. *See Naula*, 2010 WL 2399364, at *2-3 (holding that subsequent New York state law wage action was duplicative of first-filed action even though first-filed action included FLSA claims not present in subsequent action). Moreover, while the California state law claims are broader than the FLSA claims, those claims are still premised on the same misclassification argument that is at the heart of their FLSA claims. (*See* ACC ¶¶ 1-2, 8 (alleging that purportedly misclassified employees in California are entitled to, *inter alia*, compensation for overtime, meal periods and rest breaks under California law).) Thus, Plaintiffs cannot credibly claim that they will bear some inordinate burden as their California colleagues litigate their state law claims alongside the FLSA case.

Second, the present stay of the proceedings in *In re KPMG Overtime Litigation* does not justify having two parallel litigations on separate coasts. That stay will end soon after the Ninth Circuit decides the just-submitted *Campbell* case. Furthermore, there is certainly nothing to prevent Plaintiffs from making a motion to lift the stay once this case is transferred if they believe they will be prejudiced by it. In short, Plaintiffs' counsel's distaste for the present procedural posture of the other action does not justify the expense and inconvenience that would arise out of unnecessary parallel proceedings.

Finally, there is a key "special circumstance" in this case that militates against allowing this action to proceed: it is late. These Plaintiffs brought their proposed collective action almost two years after their employment with KPMG ended in March/April of 2009. Thus, under the

---

[4] To the extent that Plaintiff raises arguments in opposition that KPMG has not had an opportunity to consider, KPMG would respectfully request an opportunity to reply.

FLSA's two-year statute of limitations (three years if willfulness is shown), their claims are already quite stale.  For example, Plaintiff Kyle Pippins, hired in September 2007, according to the Complaint, cannot recover at least four months' worth of potential damages, even if he could show that his purported misclassification was willful.  If he fails to make a showing of willfulness, he would lose an additional year of potential damages.  In contrast, if these same named Plaintiffs were to opt-in to *In re KPMG Overtime Litigation*, they would receive the benefit of the equitable tolling ordered in that case from September 18, 2009 through the conclusion of the stay, and most, if not all, of their employment at KPMG would likely be within the two-year statute of limitations.  Accordingly, these very Plaintiffs would be best served by opting-in to *In re KPMG Overtime Litigation* – a fact that exposes the self-interest of their counsel in resisting a transfer.

The situation is even worse for the potential opt-in plaintiffs.  Unlike a class action, FLSA opt-in plaintiffs do not get any tolling benefit from the named plaintiffs' filing of a complaint; the statute of limitations does not stop running until each opt-in plaintiff files his or her consent to opt-in.  *See, e.g., Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) (noting that "only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled").  Thus, if these Plaintiffs were permitted to proceed with this action and were successful in obtaining leave to send opt-in notices to their colleagues, they would actually be doing a disservice to those potential opt-in plaintiffs who worked in 2009 and earlier, because they would be depriving them of the tolling period that they would otherwise receive in *In re KPMG Overtime Litigation*.

Accordingly, because Plaintiffs cannot show that "special circumstances" justify a departure from the "first-filed" rule, the case should be transferred.

## CONCLUSION

For the foregoing reasons, KPMG respectfully requests that the Court grant its Motion to Transfer or, in the Alternative, Stay This Action, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 15, 2011

SIDLEY AUSTIN LLP

By: /s/ Andrew W. Stern
Andrew W. Stern
Eric G. Hoffman
787 Seventh Avenue
New York, New York 10022
Tel.: (212) 839-5300
Fax: (212) 839-5599
Email: astern@sidley.com
Email: eghoffman@sidley.com

*Attorneys for Defendant KPMG LLP*

12