UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :

KYLE PIPPINS and JAMIE SCHINDLER, Individually   :
and On Behalf of All Others Similarly Situated,       :

                                      :   **11 CV 0377 (CM)**

                      Plaintiffs,           :

                                           :

                      -against-              :

                                           :

KPMG LLP,                                  :

                                         :

                      Defendant.        :

                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>DECLARATION OF ERIC G. HOFFMAN, ESQ.</u>

        Eric G. Hoffman, an attorney at law duly admitted to practice before the courts of

the State of New York, pursuant to 28 U.S.C. § 1746 declares:

       1.      I am an associate with the firm of Sidley Austin LLP, counsel for KPMG LLP

("KPMG") in the above-captioned action.  I submit this declaration in support of the Defendant's

Motion to Transfer or, in the Alternative, Stay This Action.

       2.      Sidley Austin LLP is also counsel to KPMG in the case *In re KPMG Overtime*

*Litigation*, No. 07-04396-RSWL-CW, which is pending in the United States District Court for

the Central District of California.  I have been provided with the pleadings and information about

the posture of *In re KPMG Overtime Litigation* through discussions with my colleagues in

California handling that litigation.

       3.      Attached hereto as Exhibit A is a true and correct copy of the Amended

Consolidated Complaint filed by the plaintiffs in *In re KPMG Overtime Litigation*, on or about

May 1, 2009.

4.      Attached hereto as Exhibit B is a true and correct copy of the Order Regarding Stay Pending Resolution of Proceedings in Analogous Case, filed by the court in *In re KPMG Overtime Litigation*, on or about September 18, 2009.

5.      Attached hereto as Exhibit C is a true and correct copy of the Plaintiffs' Complaint in the instant action, filed on or about January 19, 2011.

I declare under penalty of perjury, pursuant to 28 U.S.C § 1746, that the foregoing is true and correct.  Executed on February 15, 2011 in New York, New York.

Eric G. Hoffman, Esq.

2

# EXHIBIT A

**BARROWAY TOPAZ KESSLER**
**MELTZER & CHECK, LLP**
Edward W. Ciolko
Email: eciolko@btkmc.com
Gerald D. Wells, III
Email: gwells@btkmc.com
Robert J. Gray
Email: rgray@btkmc.com
Robert W. Biela
Email: rbiela@btkmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**MILSTEN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, SBN 154759
Email: wkreger@maklawyers.com
William A. Baird, SBN 192675
Email: tbaird@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

**ORSHANSKY & YEREMIAN LLP**
Anthony J. Orshansky, SBN 199364
Email: anthony@oyllp.com
David H. Yeremian, SBN 226337
Email: david@oyllp.com
9401 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 277-9945
Facsimile: (310) 277-9946

*Executive Committee of Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| IN RE KPMG OVERTIME LITIGATION | MASTER FILE: 07-04396-RSWL-CW |
|---|---|
| | AMENDED CONSOLIDATED COMPLAINT |
| | <u>JURY TRIAL DEMADED</u> |

Plaintiffs Mansour Bighamian ("Bighamian"), Michelle Garcia ("Garcia"), Gina Johnson ("Johnson"), Jeff Yeung ("Yeung"), Leticia Facundo ("Facundo"), Norbert Mendonca ("Mendonca"), Szimonetta Pettermann ("Pettermann"), and Arlene Ridgeway ("Ridgeway"), on behalf of themselves, and all others similarly situated, allege as follows:

## **<u>INTRODUCTION</u>**

1.      As explained herein, under applicable employment laws, "Uncertified Employees" (defined below) are entitled to overtime compensation if they work over forty hours per week and/or eight hours per day.  Uncertified Employees in California are also entitled to compensation for all meal periods and rest breaks missed.

2.      Plaintiffs bring this action as a California statewide action to recover unpaid overtime compensation pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business & Professions Code

(collectively the "CA Labor Laws") on behalf of all current and former Uncertified Employees within the State of California. "Uncertified Employees" are defined as: employees who served as "Associates" and/or "Senior Associates" and who provide(d) audit, advisory, tax and other accounting services to customers (collectively, "Customer Services") of KPMG LLP ("KPMG" and/or the "Company") and are/were not licensed as Certified Public Accountants.

3.      Plaintiffs Garcia, Facundo, Mendonca, Pettermann, Ridgeway (the "FLSA Plaintiffs") also bring this action as a collective action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA" or the "Act") on behalf of a nationwide class of current and former Uncertified Employees who provide(d) Customer Services to customers of KPMG.

4.      Plaintiffs are unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiffs.  Upon information and belief, Plaintiffs allege that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.  Unless otherwise specified, Plaintiffs will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

**SUMMARY OF CLAIMS**

5.      Plaintiffs bring this suit on behalf of a class of similarly situated persons comprised of:  All current and former Uncertified Employees of Defendant in the State of California within four years prior to the filing of the complaint originally filed in this consolidated action, up to and including the time this action is certified as a class action who are/were engaged in providing Customer Services ("the California Class"); and

6.      The FLSA Plaintiffs bring this suit on behalf of a class of similarly situated persons comprised of:  All current and former Uncertified Employees of Defendant who are/were engaged in providing Customer Services and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("the Nationwide Collective Class").

7.      The California Class and the Nationwide Collective Class are hereafter collectively referred to as the "Classes."

8.      Plaintiffs allege on behalf of the California Class that Defendant violated the CA Labor Laws by, *inter alia*,: (i) failing to pay them overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of forty hours in any given workweek, and/or in excess of eight hours in a workday, and failing to pay twice the employee's regular salary for all hours worked in excess of twelve hours in a workday or for hours worked in excess of eight hours

on any seventh day of work in a workweek.; (ii) failing to provide Plaintiffs and the California Class with all of their required meal periods and rest breaks; (iii) failing to retain and provide accurate records of actual hours worked and wages earned by Plaintiffs and the California Class; and (iv) failing to pay compensation due and owing at the time of termination of the Plaintiffs' and the California Class members who are former employees of KPMG.

9.      The FLSA  Plaintiffs allege on behalf of the Nationwide Collective Class who elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

10.      As a result of Defendant's willful violation of the FLSA and CA Labor Laws, Plaintiffs and the Classes were illegally under-compensated for their work.

## **FACTUAL ALLEGATIONS**

11.      Due to the nature of the job responsibilities and requirements of Defendant's Uncertified Employees, Plaintiffs and members of the Classes were, and continue to be, required to work more than forty hours a week, and/or eight hours a day, during the course of their employment with Defendant.

12.      Unless proven to be exempt from the protection of applicable overtime laws, all employees are entitled to premium overtime pay for work in excess of forty hours per week, and/or eight hours per day.

13.     The duties of Uncertified Employees are set forth in uniform, company-wide policies and methodologies promulgated by Defendant.

14.     Defendant's employment policy regarding Uncertified Employees did not require them to attain a license or certificate in accounting nor require them to possess knowledge of an advanced type in a field of science or learning prior to providing Customer Services.

15.     Pursuant to Defendant's uniform employment policies, Uncertified Employees were paid on a salary basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

16.     Although the FLSA and CA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

17.     Uncertified Employees do not fall under the executive exemption, because, *inter alia*, they are not primarily engaged in the management of Defendant's enterprise or a department or subdivision thereof nor is such work the primary duty of Uncertified Employees.  Also, Uncertified Employees do not customarily or regularly direct the work of at least two (2) or more employees, or have the authority to hire or fire employees.  Nor do Uncertified Employees exercise the degree of discretion and independent judgment necessary to qualify for the executive exemption.

18.     Plaintiffs and the members of the Classes are not administratively

exempt because, *inter alia*, they are not primarily engaged in work directly related to management policies or general business operations of Defendant or its customers nor is work directly related to the management or general business operations of Defendant or its customers the primary duty of Uncertified Employees. Uncertified Employees simply provide the accounting services offered by Defendant. Nor do Uncertified Employees exercise the degree of discretion and independent judgment necessary to qualify for the administrative exemption.

19. Further, Plaintiffs and the members of the Classes do not qualify for the professional exemption set forth in the FLSA because, *inter alia*, the primary duty of Uncertified Employees is not the performance of work that requires them to possess knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

20. Finally, Plaintiffs and members of the California Class do not qualify for the professional exemption under California law because, *inter alia*, Uncertified Employees are not certified by the State of California as Certified Public Accountants. Nor do Uncertified Employees exercise the degree of discretion and independent judgment necessary to qualify for the professional exemption.

21. As such, Uncertified Employees, including Plaintiffs and the members of the Classes, have been wrongfully classified by Defendant and are not exempt from the requirement of premium overtime pay. As well, members of the California Class are not exempt from the CA Labor Laws' requirement for meal periods and

rest breaks.

22.   In violation of the Act and CA Labor Laws, Plaintiffs and members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the forty hour work week and/or over eight hours a day.  In further violation of CA Labor Laws, Plaintiffs and members of the California Class were not compensated at a rate of not less than twice their regular rate of pay for work performed over twelve hours a day.

23.   Plaintiffs allege on behalf of themselves and members of the Classes that Defendant's failure to pay overtime was knowing and willful.

24.   Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every other member of the Classes, as well as applicable compensation rates, is in the possession of Defendant.  If these records are unavailable, Plaintiffs and members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

25.   Pursuant to Labor Code § 512[1], an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than 30 minutes.  Defendant failed to provide Plaintiffs and members of the California Class with appropriate meal periods and failed to compensate Plaintiff and members of the California Class for missed

---

[1] All Labor Code references refer to the California Labor Code unless otherwise specified.

meal periods as required under <u>Labor Code § 226.7.</u>

26.     Plaintiff and members of the California Class are/were entitled to a rest break of not less than ten (10) minutes for each consecutive four (4) hour period worked.  Defendant failed to provide Plaintiffs and members of the California Class with rest breaks and failed to compensate Plaintiffs and members of the California Class for missed rest breaks as required under <u>Labor Code § 226.7.</u>

27.     Each of the foregoing acts is in contravention of applicable employment laws.

## **PARTIES**

28.     Plaintiff Bighamian was an Uncertified Employee employed by Defendant in the State of California during the statutory period covered by this Complaint, who Defendant failed to compensate for all hours worked, including premium compensation for all hours above and beyond forty hours per week and/or eight hours per day.

29.     Plaintiff Garcia was an Uncertified Employee employed by Defendant in the State of California during the statutory period covered by this Complaint, who Defendant failed to compensate for all hours worked, including premium compensation for all hours above and beyond forty hours per week and/or eight hours per day.

30.     Plaintiff Johnson was an Uncertified Employee employed by Defendant in the State of California during the statutory period covered by this Complaint, who

Defendant failed to compensate for all hours worked, including premium

compensation for all hours above and beyond forty hours per week and/or eight

hours per day.

31. Plaintiff Yeung was an Uncertified Employee employed by Defendant

in the State of California during the statutory period covered by this Complaint, who

Defendant failed to compensate for all hours worked, including premium

compensation for all hours above and beyond forty hours per week and/or eight

hours per day.

32. Plaintiff Facundo was an Uncertified Employee employed by Defendant

in the State of California during the statutory period covered by this Complaint, who

Defendant failed to compensate for all hours worked, including premium

compensation for all hours above and beyond forty hours per week and/or eight

hours per day.

33. Plaintiff Mendonca was an Uncertified Employee employed by

Defendant in the State of California during the statutory period covered by this

Complaint, who Defendant failed to compensate for all hours worked, including

premium compensation for all hours above and beyond forty hours per week and/or

eight hours per day.

34. Plaintiff Pettermann was an Uncertified Employee employed by

Defendant in the State of California during the statutory period covered by this

Complaint, who Defendant failed to compensate for all hours worked, including

premium compensation for all hours above and beyond forty hours per week and/or eight hours per day.

35.     Plaintiff Ridgeway was an Uncertified Employee employed by Defendant in the State of California during the statutory period covered by this Complaint, who Defendant failed to compensate for all hours worked, including premium compensation for all hours above and beyond forty hours per week and/or eight hours per day.

36.     For purposes of the Nationwide Collective Action, The FLSA Plaintiffs consent in writing to be a party to this action pursuant to FLSA § 216(b).

37.     Defendant KPMG, who maintains its headquarters in New York City, New York, is an international accounting firm offering full-service audit, tax, consulting and financial advisory services with offices located throughout the world. At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the State of California.

**JURISDICTION AND VENUE**

38.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 201 *et. seq.* and 28 U.S.C. § 1331.

39.     This Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including

Plaintiffs, have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceeds $5,000,000.00 in the aggregate.

40.     Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

41.     In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

42.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

43.     The FLSA Plaintiffs bring this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b).

44.     Plaintiffs also bring this action on behalf of the California Class as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of Civil Procedure 23 and the California Code of Civil Procedure Section 382.

45.     The claims under the FLSA may be pursued by those who opt-in to this action pursuant to 29 U.S.C. § 216(b).

46.     The claims under the CA Labor Laws may be pursued by all similarly-situated persons who choose not to opt-out of the California Class, pursuant to the

Federal Rules of Civil Procedure 23.

**Allegations Applicable to the Classes**

47.     The members of the Classes are so numerous that joinder of all members is impracticable.  The exact number of the members of the Classes can be determined by reviewing Defendant's records.

48.     Plaintiffs will fairly and adequately protect the interests of the Classes and have retained counsel that is experienced and competent in class action and employment litigation.  Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

49.     A class/collective action suit, such as the instant one, is superior to other available means for the fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

50.     A class/collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Classes likely will not obtain redress for their injuries and Defendant will retain the proceeds of its violations of the FLSA and applicable CA Labor Laws.

51.     Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial

system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

52.    There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

a.    Whether Defendant properly classified Uncertified Employees as exempt from overtime compensation;

b.    Whether Plaintiffs and members of the Classes were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty (40) per week and/or eight (8) per day;

c.    Whether Defendant employed Plaintiffs and members of the Classes within the meaning of the FLSA and CA Labor Laws;

d.    Whether Defendant failed to pay Plaintiffs and members of the Classes all premium overtime compensation due to them;

e.    Whether Defendant failed to provide Plaintiffs and members of the California Class all mandatory meal periods and rest breaks;

f.    Whether Defendant violated any other statutory provisions regarding compensation due to Plaintiffs and members of the Classes; and

g.    Whether Plaintiffs and members of the Classes have sustained

damages, and if so, what is the proper measure of those damages.

**Allegations Specific to the Nationwide Collective Class**

53.   Pursuant to 29 U.S.C. § 207, The FLSA Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

All current and former Uncertified Employees who work(ed) for Defendant and are/were engaged in Customer Services and who elect to opt-in to this action, pursuant to the FLSA 29 U.S.C. § 216(b) ("the Nationwide Collective Class").

54.   Notice of the pendency and any resolution of this action can be provided to the Nationwide Collective Class by mail, print and/or Internet publication.

**Allegations Specific to the California Class**

55.   Plaintiffs bring this action as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of Civil Procedure 23 and the California Code of Civil Procedure Section 382 on behalf of:

All current and former Uncertified Employees of Defendant in the State of California within four years prior to the filing of the complaint originally filed in this consolidated action, up to and including the time this action is certified as a class action, and are engaged in providing Customer Services ("the California Class").

56.   In addition to the common issues of fact described below, members of the California Class have numerous common issues of fact, including whether Defendant: (i) failed to compensate adequately the members of the California Class for overtime hours worked as required by California Wage Order 4-2001, 8 C.C.R. §

11040 and California Labor Code Section 510; (ii) failed to provide all required meal and rest breaks in violation of Labor Code Section 226.7; (iii) committed an act of unfair competition under Business & Professional Code Section 17200 *et. seq.*, by not paying the required overtime pay or providing for all meal periods and rest breaks as required by applicable CA Labor Laws; (iv) failed to maintain and provide Plaintiffs and members of the California Class with accurate and detailed records of all hours worked and wages earned, pursuant to CA Labor Code Section 226(a); (v) failed to pay wages and compensation due and owing at the time of termination pursuant to CA Labor Code Sections 201-203; and (vi) damaged Plaintiffs and members of the California Class, and if so, the extent of those damages.

57.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## **<u>COUNT ONE</u>**

58.    Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

59.    The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"), provides in relevant part:

"Except as otherwise provided in this section, no employer shall employ any of this employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the

hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

60. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

61. At all relevant times, Defendant employed, and/or continues to employ, the FLSA Plaintiffs and each member of the Nationwide Collective Class within the meaning of the FLSA.

62. At all material times set forth herein, the FLSA Plaintiffs and the other members of the Nationwide Collective Class consistently worked in excess of forty (40) hours in a workweek; however, proper overtime compensation was not paid by Defendant.

63. At all material times set forth herein, Defendant's failure to pay the FLSA Plaintiffs and the other members of the Nationwide Collective Class the unpaid balance of overtime compensation, as required by the FLSA, violated the provisions of the FLSA.

64. Due to Defendant's willful FLSA violations, the FLSA Plaintiffs, on behalf of the members of the Nationwide Collective Class, are entitled to recover from Defendant, their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this

action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

65.　Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

66.　Pursuant to Defendant's employment policies, Plaintiffs and the members of the California Class were not credited for all hours worked.

67.　Plaintiffs and members of the California Class worked hours in excess of forty per work week and/or eight hours per day for which they did not receive premium compensation.

68.　California Wage Order 4-2001, 8 C.C.R. Section 11040 and Labor Code Section 510(a) state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per day, unless the employee falls under one of the enumerated exemptions.

69.　California Labor Code Section 510(a) further states that any work in excess of twelve (12) hours in one day shall be compensated at a rate of no less than twice the employee's regular rate of pay.

70.　Defendant's failure to pay overtime compensation in a timely fashion also constituted a violation of California Labor Code Section 204, which requires that all wages are paid in semimonthly payments.  For at least four (4) years prior to the filing of this Complaint and continuing to the present, in direct violation of that

provision of the California Labor Code, Defendant has to date failed to pay any overtime compensation earned by Plaintiffs and members of the California Class. Each such failure to make a timely payment of overtime compensation to Plaintiffs and members of the California Class constitutes a separate violation of California Labor Code Section 204.

71.     Plaintiffs are informed and believe and thereon allege that Defendant knew, or should have known, that Plaintiffs and members of the California Class should have been paid a premium for all overtime hours they worked and purposely and unfairly elected not to pay them for their overtime labor.

72.     Pursuant to California Labor Code Section 1194, Plaintiffs and members of the California Class are entitled to recover their overtime wages, plus interest, attorneys' fees, and costs, in an amount to be proven at trial.

## <u>COUNT THREE</u>

73.     Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

74.     California Labor Code Section 512(a) requires employers to provide employees with a meal period of at least thirty (30) minutes per five (5) hours worked.

75.     Defendant failed to provide Plaintiff and members of the California Class with all meal breaks required by California Labor Code Section 512(a).  As a result, pursuant to Labor Code Section 226.7, Plaintiffs and members of the

California Class are entitled to one additional hour's pay for each day a meal break was not provided, in an amount to be proven at trial.

## COUNT FOUR

76.    Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

77.    Industrial Welfare Commission Wage Order 4, Section 12, requires employers to provide employees with a paid rest period of at least ten (10) minutes per four (4) hours worked.

78.    Defendant failed to provide Plaintiffs and members of the California Class with all rest breaks.

79.    As a result, pursuant to Labor Code Section 226.7, Plaintiffs and members of the California Class are entitled to one additional hour's pay for each day a rest break was not provided, in an amount to be proven at trial.

## COUNT FIVE

80.    Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

81.    California Labor Code Section 201 requires Defendant to pay employees it has discharged all wages due immediately upon discharge.  Labor Code Section 202 requires Defendant to pay its employees who have quit all wages due with 72 hours of their termination with the Company.  Defendant, in violation of these sections, willfully failed to pay Plaintiffs and members of the California Class

who are former employees of KPMG all wages due and owing within the timeframes required by these statutes.

82.     Plaintiffs and members of the California Class who are former employees of KPMG did not secrete or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.

83.     Accordingly, Defendant is liable for waiting time penalties to Plaintiffs and members of the California Class who are former employees of KPMG pursuant to Labor Code Section 203, in an amount to be proven at trial.

## COUNT SIX

84.     Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

85.     Due to Defendant's employment policies whereby Plaintiffs and members of the California Class were not credited for all hours worked, Defendant failed to provide Plaintiffs and members of the California Class with accurate and detailed records of hours worked and wages earned as required by Labor Code Section 226(a).

86.     Moreover, pursuant to Labor Code Sections 226(a) and 1174, Defendant is required to maintain and furnish each employee with an itemized statement showing the total hours worked by the employee on a semi-monthly basis or with each paycheck.

87.     Therefore, pursuant to Labor Code Section 226(a) and 226(e), Plaintiffs

and each member of the California Class are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00), and are entitled to an award of costs and reasonable attorneys' fees.

## COUNT SEVEN

88.     Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

89.     Business & Professions Code Section 17200 *et. seq.* prohibits acts of unfair competition which shall mean and include any "unlawful, unfair, or fraudulent business act or practice."  As alleged herein, Defendant has committed an act of unfair competition under Section 17200 *et. seq.* by, *inter alia:* (i) failing to pay premium compensation for all overtime hours worked; (ii) failing to provide all required meal periods and rest breaks to Plaintiffs and members of the California Class; and (iii) failing to pay all wages to members of the California Class who are former employees of KPMG.

90.     Pursuant to Business & Professions Code Section 17203, Plaintiffs request Defendant make restitution of all unpaid wages due to them and the California Class, in an amount to be proven at trial.

## COUNT EIGHT

91.     Plaintiffs incorporate the allegations in the previous paragraphs of this

Complaint as if fully set forth he*rein.*

92.     Plaintiffs and members of the Classes are owed wages which equal the sum of overtime compensation not paid by Defendant to them, statutory interest on such compensation, and waiting time penalties to members of the California Class whose employment terminated.

93.     Plaintiffs do not know the precise amount of compensation due to Plaintiffs and each member of the Classes.  Upon information and belief, Plaintiffs allege that Defendant possesses records from which the amount of compensation due and owing to Plaintiffs and each member of the Classes can be determined.

94.     The amount of statutory interest and penalties owed to Plaintiffs and members of the Classes is based upon the compensation owed by Defendant.  This amount can only be determined by an accounting of books and records in the possession of Defendant.

95.     Because it is impossible for Plaintiffs to determine the exact amount of money due to Plaintiffs and members of the Classes without a detailed review of Defendant's books and records and/or discovery in this action, Plaintiffs seek, among other things, an accounting of books and records in the possession of Defendant and/or appointment of a receiver to determine the compensation owed to Plaintiffs and members of the Classes.

# **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for:

**A.** A Declaration that Defendant has violated the FLSA and applicable California employment laws;

**B.** An Order designating the California Class as a California state class action pursuant to the Federal Rules of Civil Procedure 23;

**C.** An Order designating the Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

**D.** An Order appointing Plaintiffs and their Counsel to represent the Class;

**E.** Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Class as the result of the actions described above;

**F.** An Order enjoining Defendant from any further violations of the FLSA and California Labor Laws;

**G.** For compensatory and punitive damages and all other statutory remedies permitted;

**H.** An accounting of books and records in possession of Defendant and/or the appointment of a receiver to determine the compensation owed to Plaintiffs and members of the Class;

H.      Prejudgment and post-judgment interest;

I.      An Order awarding attorneys' fees and costs; and

J.      For all other relief as the Court deems just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 1, 2009

By:    /s/ Gerald D. Wells, III
**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
Edward W. Ciolko
Gerald D. Wells, III
Robert J. Gray
Robert W. Biela
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

By:    /s/ William A. Baird
**MILSTEN, ADELMAN & KREGER, LLP**
Wayne S. Kreger
William A. Baird
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

By:    /s/ Anthony J. Orshansky
**ORSHANSKY & YEREMIAN LLP**
Anthony J. Orshansky
David H. Yeremian
9401 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 277-9945
Facsimile: (310) 277-9946

*Executive Committee of Plaintiffs' Counsel*

# EXHIBIT B

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Edward W. Ciolko
Email: eciolko@btkmc.com
Peter A. Muhic
Email: pmuhic@btkmc.com
Gerald D. Wells, III (SBN 257496)
Email: gwells@btkmc.com
Robert W. Biela
Email: rbiela@btkmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Attorneys for Plaintiffs
(*Additional Counsel Listed on Signature Page*)

SIDLEY AUSTIN LLP
Michael C. Kelley (SBN 90062)
Email: mkelley@sidley.com
Jennifer Altfeld Landau (SBN 153780)
Email: jlandau@sidley.com
Garrett K. Craig (SBN 190550)
Email: gcraig@sidley.com
555 West Fifth Street, 40th Floor
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant KPMG LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KPMG WAGE & HOUR LITIGATION | ) MASTER FILE 07-04396-RSWL-CW<br>)<br>) [PROPOSED] ORDER REGARDING<br>) STAY PENDING RESOLUTION<br>) OF PROCEEDINGS IN<br>) ANALOGOUS CASE [98] [102]<br>)<br>) |

## ORDER

Based on the Joint Stipulation of Plaintiffs Mansour Bighamian ("Bighamian"), Leticia Facundo ("Facundo"), Michelle Garcia ("Garcia"), Gina Johnson ("Johnson"), Norbert Mendonca ("Mendonca"), Szimonetta Pettermann ("Pettermann"), Arlene Ridgeway ("Ridgeway"), and Jeff Yeung ("Yeung") (unless otherwise noted, Bighamian, Facundo, Garcia, Johnson, Mendonca, Pettermann, Ridgeway, and Yeung shall be referred to herein as "Plaintiffs") and Defendant KPMG LLP Regarding Stay Pending Resolution Of Proceedings In Analogous Case, and good cause showing, IT IS HEREBY ORDERED:

1. This matter is stayed during the pendency of the *Campbell* appeal and until the issuance of the Ninth Circuit's mandate.

2. The statute of limitations with respect to potential opt-in claimants to the FLSA claim will be equitably tolled for the duration of the stay.

3. All issues related to Plaintiffs' request for the identification and contact information of the unnamed members of the putative California-only class for their state law claims, including Plaintiffs' request for the sending of a notice pursuant to *Belaire-West Landscape, Inc. v. Superior Court*, 57 Cal. Rptr. 3d 197 (Cal. Ct. App. 2007) are expressly excluded from the stay provided for in this stipulation. KPMG expressly reserves and retains its right to object to the provision of such identification and contact information, including the propriety and timing of a *Belaire-West* notice. The parties shall meet and confer on these issues. If the parties are unable to reach agreement on these issues, they shall present them, in accordance with the applicable federal and local rules, to Magistrate Judge Woehrle and/or the Court, as appropriate, for resolution. If, over KPMG's objection, a *Belaire-West* notice is ordered to be issued prior to the expiration of the stay, it shall be disseminated to the unnamed

1

LA1 1640548v.2

members of the putative California-only class no earlier than January 15, 2010.  If, over KPMG's objection, a *Belaire-West* notice is ordered to be issued after the expiration of the stay, it shall be disseminated to the unnamed members of the putative California-only class no earlier than fifteen (15) days after the issuance of the Ninth Circuit's mandate.

4.  The parties shall notify the Court of the resolution of the *Campbell* appeal within fifteen days of the issuance of the mandate by the Ninth Circuit in writing.  The parties shall file a written request for a further Rule 16 Conference with the Court regarding the status of this action, the effect of any ruling by the Ninth Circuit on this action, the need for additional discovery, and the establishment of a new briefing schedule with respect to Plaintiffs' anticipated motion for conditional class certification of the FLSA claims and anticipated motion for Rule 23 class certification of the California claims.  To ensure that neither party is prejudiced by the stay, the briefing schedule shall be rolled forward following the conclusion of the stay and shall provide each party with the same amount of time under the new briefing schedule as it had been provided under the existing schedule, prior to the imposition of the stay.

IT IS SO ORDERED:

Dated: September 18, 2009             / S /
                                      Honorable Ronald S.W. Lew
                                      Senior, U.S. District Court Judge

[PROPOSED] ORDER REGARDING STAY PENDING RESOLUTION
OF PROCEEDINGS IN ANALOGOUS CASE
MASTER FILE 07-04396-RSWL-CW

LA1 1640548v.2

EXHIBIT C

11 CV 0377

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz*
1515 S. Federal Highway, Suite 4-4
Boca Raton, Florida 33432
Telephone: (456) 447-8888
*pro hac vice application forthcoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLE PIPPINS and JAMIE SCHINDLER, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>KPMG LLP,<br><br>            Defendant. | No. 11 Civ. _____<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

      Plaintiffs Kyle Pippins and Jamie Schindler (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

      1.    Defendant KPMG LLP ("KPMG" or "Defendant") is an audit, tax, and advisory firm with 87 offices nationwide and more than 23,000 employees. It is the U.S.-member firm of KPMG International, which works in 144 countries and had combined revenues of over $20 billion in 2009.

      2.    Plaintiffs Kyle Pippins ("Pippins") and Jamie Schindler ("Schindler") worked for KPMG as Audit Associates and/or as Audit Associate Seconds (together, "Audit Associates"), an entry-level job that requires no advanced level training and primarily involves performance of

routine duties such as photocopying, data entry, and basic review, inventory, and comparison of client documents and records.  Audit Associates work as the lowest-level members of the teams tasked with auditing KPMG's clients' records.

3.      Throughout the relevant period, it has been KPMG's nationwide policy to deprive its Audit Associates of earned overtime wages.  In order to avoid paying Audit Associates overtime premiums for hours they worked in excess of 40 in a workweek, KPMG has uniformly misclassified them as exempt from federal overtime protections.  The primary duties of these employees do not fall under any exemption.  Audit Associates perform their duties under the close supervision of more senior KPMG employees and exercise little, or no, independent judgment and discretion.  Audit Associates' primary duties do not vary significantly from one KPMG location to another.

4.      Audit Associates are regularly scheduled for, and regularly work in excess of 40 hours per week, sometimes as many as 65 hours or more, regardless of the KPMG customer to which they are assigned.

5.      By the conduct described in this Complaint, Defendant has violated the Fair Labor Standards Act by failing to pay Audit Associates, including Plaintiffs, overtime as required by law.  These violations arose out of Defendant's uniform company-wide policies and its pattern or practice of violating wage and hour laws.

6.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former KPMG Audit Associates whom KPMG classified as exempt and who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

## THE PARTIES

### Plaintiffs

**Kyle Pippins**

7.      Plaintiff Pippins is an adult individual who is a resident of Dallas, Texas.

8.      Pippins was employed by Defendant as an Audit Associate in Texas from approximately September 2007 through approximately March 2009.

9.      Prior to becoming an Audit Associate, Pippins participated in KPMG's 12-week internship program.

10.      Throughout the relevant period, Pippins was a covered employee within the meaning of the FLSA.

11.      Pippins' written consent to join this case is attached as Exhibit A.

**Jamie Schindler**

12.      Plaintiff Schindler is an adult individual who is a resident of Pembroke Pines, Florida.

13.      Schindler was employed by Defendant as an Audit Associate in Florida from approximately August 2008 through approximately April 2009.

14.      Prior to becoming an Audit Associate, Schindler participated in KPMG's 12-week internship program.

15.      Throughout the relevant period, Schindler was a covered employee within the meaning of the FLSA.

16.      Schindler's written consent to join this case is attached as Exhibit A.

### Defendant

17.      Throughout the relevant period, KPMG maintained control, oversight, and

3

direction over Plaintiffs and similarly situated employees, including the payroll and other employment practices that applied to them.

18.     KPMG is a Delaware limited liability partnership with its headquarters located at 345 Park Avenue in New York City.

19.     KPMG operates 87 offices throughout the United States.

20.     KPMG employs 16,459 individuals in the United States.

21.     Upon information and belief, between 2009 and 2010, KPMG recruited approximately 3,700 recent graduates, which it refers to as "campus hires."

22.     Upon information and belief, most campus hires become Audit Associates.

23.     Throughout the relevant period, KPMG employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

24.     KPMG is an employer within the meaning of the FLSA.

25.     KPMG is the entity printed on Plaintiffs' paystubs.

26.     KPMG applies the same employment policies, practices, and procedures, including with respect to payment of overtime, to all Audit Associates throughout the United States.

27.     KPMG has classified all Audit Associates as exempt from the overtime requirements of state and federal law.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

29.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

30.     Defendant is subject to personal jurisdiction in New York.

31.     Defendant's headquarters is located in New York City.

32.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

33.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant's headquarters are located in that district and, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in that district.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiffs bring an FLSA claim on behalf of themselves and all similarly situated persons who have worked for Defendant as "Audit Associates" or "Audit Associate Seconds" within the three years prior to the filing of this Complaint, whom Defendant classified as exempt, and who elect to opt-in to this action (the "FLSA Collective").

35.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective. The FLSA claim in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

36.     All of the work that Plaintiffs and the FLSA Collective performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

37.     Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Defendant's headquarters in New York City.

38.     During the relevant period, it has been Defendant's nationwide policy and pattern or practice to classify all Audit Associates as exempt from coverage of the overtime provisions of the FLSA.

39.     Defendant made the decision to classify all Audit Associates as exempt.

40.     Defendant paid all Audit Associates a weekly wage and failed to pay them for any hours they worked in excess of 40 hours in a workweek.

41.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.  This policy and pattern or practice includes but is not limited to:

>    a.  willfully failing to record all of the time that Plaintiffs and the FLSA Collective members have worked for the benefit of the Defendant;
>
>    b.  willfully misclassifying the Plaintiffs and the FLSA Collective members as exempt from the requirements of the FLSA; and
>
>    c.  willfully failing to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per week.

42.     Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

43.     During the relevant period, each KPMG audit team assigned to a particular KPMG customer was required to perform their duties in accordance with a budget that had been negotiated between KPMG and the customer.

44.     When Audit Associates could not complete their duties within the time afforded by the budget, KPMG discouraged them from accurately recording all of the time they worked.

45.     Defendant was aware, or should have been aware, that federal law required it to pay Plaintiffs and FLSA Collective members an overtime premium for hours worked in excess of 40 per week.

46.     Defendant was aware, or should have been aware, that Plaintiffs and the FLSA Collective members (a) primarily performed routine tasks, such as basic document and records reviews, data entry, and photocopying; (b) were closely supervised by more senior KPMG employees; and (c) exercised little or no discretion in the performance of their duties.

47.     Notwithstanding their job duties, Defendant classified Plaintiffs and FLSA Collective as exempt employees in an attempt to avoid paying them overtime compensation.

48.     Defendant's failure to pay Plaintiffs and FLSA Collective members overtime wages for their work in excess of 40 hours per week was willful.

49.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Pippins**

50.     Pippins' primary job duties were routine tasks, including basic client document

7

and records reviews, inventory counts, photocopying, and data entry.

51.    Pippins regularly worked more than 40 hours per week and sometimes as many as 65 hours per week.

52.    Pursuant to Defendant's policy and pattern or practice, Defendant classified Pippins as exempt from overtime pay requirements and willfully failed to pay him for hours he worked for Defendant's benefit in excess of 40 hours per workweek.

53.    Pippins worked for Defendant first as an Audit Associate and later as an Audit Associate Second.

54.    Pippins was not required to be certified as a Certified Public Accountant in order to perform the duties of either the Audit Associate or Audit Associate Second position.

55.    Defendant failed to keep accurate records of Pippins' hours worked.

**Schindler**

56.    Schindler's primary job duties were routine tasks, including basic client document and records reviews, inventory counts, photocopying, and data entry.

57.    Schindler regularly worked more than 40 hours per week and sometimes as many as 65 hours per week.

58.    Pursuant to Defendant's policy and pattern or practice, Defendant classified Schindler as exempt from overtime pay requirements and willfully failed to pay her for hours she worked for Defendant's benefit in excess of 40 hours per workweek.

59.    Schindler worked for Defendant as an Audit Associate.

60.    Schindler was not required to be certified as a Certified Public Accountant in order to perform the duties of the Audit Associate position.

61.    Defendant failed to keep accurate records of Schindler's hours worked.

<u>CAUSE OF ACTION</u>
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**On behalf of Plaintiffs and the FLSA Collective**

62.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63.     Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

64.     At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65.     The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

66.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67.     At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

68.     Defendant employed Plaintiffs and the members of the FLSA Collective as their employer.

69.     Defendant failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

70.     Defendant failed to keep accurate records of time worked by Plaintiffs and the members of the FLSA Collective.

71.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

72.     Defendant did not make a good faith effort to comply with the FLSA with respect

to their compensation of Plaintiffs and the members of the FLSA Collective.

73.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74.     As a result of Defendant's violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendant as an Audit Associate and/or Audit Associate Second and classified as exempt by Defendant.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime;

C.     An additional and equal amount as liquidated damages under the FLSA;

D.     Appropriate equitable and injunctive relief to remedy Defendant's violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.     Pre-Judgment and Post-Judgment interest, as provided by law;

F.      Attorneys' fees and costs of suit, including expert fees; and

G.      Such other injunctive and equitable relief as the Court may deem just and

proper.

*      *      *

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the Complaint.

Dated:      New York, New York
            January 15, 2011

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

_____
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz*
1515 S. Federal Highway, Suite 4-4
Boca Raton, Florida 33432
Telephone: (456) 447-8888
*pro hac vice application forthcoming*

**Attorneys for Plaintiffs and the FLSA Collective**

# EXHIBIT A

**CONSENT TO BE A PARTY PLAINTIFF**

1.      I consent to be a party plaintiff in a lawsuit against KPMG and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate Shavitz Law Group, P.A. and Outten & Golden LLP ("the Firms") to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3.      I also consent to join any separate or subsequent action to assert my claims against KPMG and/or any related entities or persons potentially liable.

_____          _____
Signature                                                           Date

Kyle Pippins
_____
Print

REDACTED                                                 Dallas, TX 75207
_____          _____
Address                                                            City, State and Zip Code

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

1.      I consent to be a party plaintiff in a lawsuit against KPMG and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate Shavitz Law Group, P.A. and Outten & Golden LLP ("the Firms") to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3.      I also consent to join any separate or subsequent action to assert my claims against KPMG and/or any related entities or persons potentially liable.

Signature

Date: 1/19/11

Jamie Schindler
Print

REDACTED

Address

Pembroke Pines, FL 33024
City, State and Zip Code