03/09/2012 16:08 FAX Case 1:11-cv-00377-CM Document 167 Filed 03/12/12 Page 1 of 2 002

OUTTEN & GOLDEN LLP

Advocates for Workplace Fairness

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

Allegra L. Fishel
Lewis M. Steel
Samuel R. Miller
Paul W. Mollica

Nantiya Ruan

Reena Arora
Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cyrus Dugger
Cara E. Greene
Mariko Hirose
Jennifer Liu
Ossai Miazad
Carmel Mushin
Melissa Pierre-Louis
Sandra Pullman
Lauren Schwartzreich
Michael Scimone
Dana Sussman
Amber Trzinski
Juno Turner
Elizabeth Wagoner

March 9, 2012

RECEIVED
MAR 9 - 2012
CHAMBERS OF
COLLEEN McMAHON

**Via Facsimile: (212) 805-6326**
The Honorable Colleen McMahon
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

MEMO ENDORSED

Re: *Pippins v. KPMG LLP*, No. 11-CV-0377 (CM)

Dear Judge McMahon,

We represent the Plaintiffs in the above-referenced matter. We write pursuant to Section 4.B. of Your Honor's Individual Practices and Procedures to respectfully request a referral to the Magistrate Judge for assistance in resolving certain discovery disputes, or, in the alternative for leave to raise them with Your Honor.

A number of discovery disputes have arisen, which even after hours and hours of meet and confer teleconferences and some in-person discussions, the parties have been unable to resolve. In addition to disputes specific to individual discovery requests, the parties are at odds over KPMG's position that all of Plaintiffs' discovery requests have been "quashed" and, therefore, it will not produce many of the documents that it previously agreed to produce pursuant to the agreements that the parties negotiated over more than 13 hours of meet and confer calls. KPMG claims that Your Honor's instructions at the March 2, 2012 conference "wiped the slate clean," as KPMG phrased it, and that KPMG is free to ignore what Plaintiffs requested and produce only what it plans to use to support its own case.

Attached as Exhibit A is a letter that KPMG sent us today promising to produce some of the discovery that Plaintiffs seek and refusing to produce the rest of it. It would not be fair, however, to allow KPMG to unilaterally determine what can be part of the summary judgment record and what cannot.

Therefore, Plaintiffs respectfully request the opportunity to obtain documents that they believe will support their own class-wide case, not just documents on which KPMG plans to rely, especially documents that KPMG previously agreed to produce. All of the discovery that

3 Park Avenue, 29th Floor, New York, NY 10016 Tel 212-245-1000 Fax 212-977-4005
6 Landmark Square, Suite 400, Stamford, CT 06901 Tel 203-363-7888 Fax 203-363-0333
og@outtengolden.com www.outtengolden.com

ELECTRONICALLY FILED
DATE FILED: 3/12/12

KPMG agreed to produce and that Plaintiffs will seek to compel is relevant to "why all Audit Associates are classified as exempt, without regard to their personal situations" and to "the issue of KPMG's reasons for classifying all Audit Associates - the entire job title as exempt." Order Granting Conditional Certification of FLSA Collective at 27, Docket No. 129, January 3, 2012. All of the discovery Defendant previously agreed to produce and that Plaintiffs will seek to compel is also necessary to allow Plaintiffs to build their case and to get this matter to a point where, as the Court put it, "someone (probably Plaintiffs) [can] move for summary judgment" on class-wide issues. *Id.*

Respectfully submitted,

Justin M. Swartz

cc: Steven Catlett, Esq. (via email)
Jennifer Altfeld Landau, Esq. (via email)