McMahon, J

USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
KYLE PIPPINS, JAMIE SCHINDLER, and EDWARD
LAMBERT, Individually and On Behalf of All Others
Similarly Situated,

        Plaintiffs,

    -against-

KPMG LLP,

        Defendant.
----------------------------------------X

11 CV 0377 (CM)(JLC)

ECF Case

SUPPLEMENTAL
STIPULATION AND
PROTECTIVE ORDER

## SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER

WHEREAS, Named Plaintiffs Kyle Pippins, Jaime Schindler, and Edward Lambert and Defendant KPMG LLP ("KPMG") (collectively, "the Parties") previously entered into a Stipulation and Protective Order Re Production of Confidential Information, which the Court "So Ordered" on February 16, 2012.

WHEREAS, Plaintiffs have served on KPMG requests for documents, certain of which contain information related to the provision of services to clients and confidential financial information, including tax-related information, of clients.

WHEREAS, KPMG's clients are not parties to this case.

WHEREAS, because KPMG believes that, and Plaintiffs take no position whether, there are State and Federal laws that protect the disclosure of the confidential information of an accountant's client, except, *inter alia*, pursuant to an order of a court, *see*, *e.g.*, Rules of the Board of Regents, General Provision, §§ 29.1(b)(8), 29.10(c) (adopted by New York State Education Law §6509(9) to define professional misconduct under New York state law); Cal. Bus. & Prof. Code § 5063.3 (generally prohibiting accountants from disclosing client

information without client consent), KPMG believes that the instant Supplemental Stipulation and Protective Order is necessary to conduct discovery in this action.

WHEREAS, KPMG believes that, and Plaintiffs take no position whether, under ethical rules applicable to KPMG as a member of the American Institute of Certified Public Accountants (AICPA), KPMG is prohibited from disclosing confidential information without the specific consent of the client, except *inter alia*, pursuant to an order of a court. *See* AICPA Code of Professional Conduct, ET Rule 301.01 (as amended, January 14, 1992); *see also, e.g.*, New York State Society of Certified Public Accountants, Ethics Rule 301 (same).

WHEREAS, because KPMG believes that, and Plaintiffs take no position whether, the Internal Revenue Code, including Section 7216, prohibits "any person [such as Defendant] who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of the tax ... or any person who for compensation prepares any such return for any other person" from disclosing or using any information furnished for the purposes of return preparation, except, *inter alia*, "pursuant to an order of a court," KPMG believes that the instant Supplemental Stipulation and Protective Order is necessary to conduct discovery in this action.

WHEREAS, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. The Parties agree to file documents under seal in accordance with this Court's rules, including the Sealed Records Filing Instructions and Parts 6 and 18 of the Electronic Case Filing Rules & Instructions.

WHEREFORE, in order to expedite the production of the materials and information at issue without time-consuming and costly redactions and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the Parties, by and through their respective counsel and pursuant to Rule 5.2(e) and Rule 26 of the Federal Rules of Civil Procedure, HEREBY STIPULATE, AGREE, AND JOINTLY REQUEST, that this protective order should be entered to supplement the previous Stipulation and Protective Order Re Production of Confidential Information "So Ordered" by the Court on February 16, 2012, without overruling, eliminating or otherwise impairing the Parties' obligations thereunder, according to the following terms and provisions:

1. This Supplemental Stipulation and Protective Order shall govern documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information produced by a Party (all such materials and information shall be referred to as "Information") which contain Confidential Tax Return Information or Confidential Client Information as set forth below. Any such information that is produced pursuant to discovery requests in this case shall be deemed to have been produced pursuant to this Supplemental Stipulation and Protective Order.

2. Any Information that a Party believes in good faith is "tax return information" as that term is defined in Internal Revenue Code Section 7216 and its implementing regulations and is produced by a Party to this litigation in connection with this case may be designated by the producing Party as "Confidential Tax Return Information."

3. Any Information that a Party believes in good faith contains or comprises any "confidential client information" produced by a Party to this litigation in connection with this case may be designated by the producing Party as "Confidential Client Information." Confidential Client Information is defined to include client information that is confidential

3

pursuant to the definition of Confidential Information in the Stipulation and Protective Order Re Production of Confidential Information, which the Court "So Ordered" on February 16, 2012. It is also defined to include documents deemed confidential pursuant to individual state and federal laws and under applicable professional and ethical rules and standards, including but not limited to any document which the name or identifying information of a client appears.

4. Before any such Confidential Client Information or Confidential Tax Return Information, or substance or summary thereof, shall be disclosed to experts or consultants retained by the Parties, the Parties are hereby ordered to tender a copy of this Supplemental Stipulation and Protective Order to each such expert or consultant in order that each such entity or person to whom such disclosure Confidential Client Information or Confidential Tax Return Information is made shall be on notice and fully informed that the existence and substance of the Supplemental Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel. In addition, those experts and/or consultants shall sign and abide by the terms of the declaration attached as Exhibit A. Those experts and consultants shall not give, show or otherwise divulge any of the Confidential Client Information or Confidential Tax Return Information to any entity or person except as specifically provided for by this Supplemental Stipulation and Protective Order.

5. Any Confidential Client Information that is filed with or submitted to the Court shall be filed either (1) with the client name and any client identifying information redacted or (2) if the client name and identifying information are not redacted, under seal. If any Confidential Client Information is submitted to the Court under seal, the party submitting the Confidential Client Information shall to the extent practicable publicly file a copy of any submission containing the Client Confidential Information in redacted form.

6. Any Confidential Tax Return Information that is filed with or submitted to the Court shall be done under seal. If any Confidential Tax Return Information is submitted to the Court under seal, the party submitting the Confidential Tax Return Information shall to the extent practicable publicly file a copy of any submission containing the Confidential Tax Return Information in redacted form.

7. Nothing contained herein shall prevent any Party from using Confidential Client Information or Confidential Tax Return Information in connection with any trial, hearing, or other public proceeding in this matter, provided that if the Party seeks to use the information with the client name and any client identifying information unredacted, that Party shall afford counsel for the producing Party at least ten (10) business days advance notice. The producing Party shall then have an opportunity to challenge the use of the Confidential Client Information or Confidential Tax Return Information in a public proceeding by promptly filing a motion for a protective order with the Court. Once the producing Party has filed such a motion, the Party seeking to use the information shall be prohibited from using the Confidential Client Information or Confidential Tax Return Information in a public proceeding until the Court has denied the motion for a protective order or counsel for the producing Party has given their consent.

8. Producing or receiving materials or otherwise complying with the terms of this Stipulation and Protective Order shall not:

    A. Prejudice the rights of either Party to object to the production of documents it considers not subject to discovery;

    B. Prejudice the rights of either Party to object to authenticity or admissibility of any document, testimony or evidence subject to this Supplemental Stipulation and Protective Order;

C.  Prejudice the rights of either Party to seek this Court's determination whether particular information should be produced or should be subject to the terms of this Supplemental Stipulation and Protective Order;

D.  Prejudice the rights of either Party to apply to this Court for a further protective order relating to any Information; or

E.  Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information and to seek Court approval for such modification, if necessary.

9.  The provisions of this Supplemental Stipulation and Protective Order shall, absent written permission of the producing Party or further order of this Court, continue to apply after the conclusion of this action, including without any limitation any appeals therefrom.

10. Within forty-five (45) days after termination of this litigation, including any appeals therefrom, the originals and all copies of Information designated as Confidential Client Information or Confidential Tax Return Information shall, at the direction of the producing Party, be destroyed or turned over to the producing Party. However, the receiving Party may retain copies of all court filings; including those that refer to or reference Information designated as Confidential Client Information or Confidential Tax Return Information, and otherwise comply with document retention requirements.

11. This Supplemental Stipulation shall, subject to Court approval, be binding upon the Parties upon their signature hereto and by signing hereto each Party agrees to comply with the terms of this Stipulation and to be bound thereby. In the event that the Court does not enter the Proposed Protective Order based upon this Supplemental Stipulation, the Parties shall in good faith attempt to negotiate further regarding any terms which the Court finds objectionable.

12. Production under the provisions of this Order shall not be deemed to waive any claim of client confidentiality to the information provided.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Addendum

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

The foregoing is AGREED AND STIPULATED TO by the parties through their undersigned counsel.

Dated: May 10, 2012

OUTTEN & GOLDEN LLP

By: _____
         Justin M. Swartz

Justin M. Swartz
Rachel M. Bien
Dana G. Sussman
3 Park Avenue, 29th Floor
New York, New York 10016
Tel.: (212) 245-1000
Fax: (212) 977-4005
Email: jms@outtengolden.com
Email: rmb@outtengolden.com
Email: dsussman@outtengolden.com

SHAVITZ LAW GROUP, P.A.
Gregg I. Shavitz (pro hac vice)
Susan H. Stern (pro hac vice)
Keith M. Stern (pro hac vice)
1515 South Federal Highway, Suite 4-4
Boca Raton, Florida 33432
Tel.: (561) 447-8888
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com
Email: sstern@shavitzlaw.com
Email: kstern@shavitzlaw.com

*Attorneys for Plaintiffs*

SIDLEY AUSTIN LLP

By: _____
         Colleen M. Kenney

Andrew W. Stern
Alex J. Kaplan
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
Email: astern@sidley.com
Email: ajkaplan@sidley.com

Michael C. Kelley (pro hac vice)
Jennifer Ahtfeld Landau (pro hac vice)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
Email: mkelley@sidley.com
Email: jlandau@sidley.com

Steven T. Catlett (pro hac vice)
Colleen M. Kenney (pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: scatlett@sidley.com
Email: ckenney@sidley.com

*Attorneys for Defendant*

SO ORDERED:

Dated: 14 May 2012

_____
The Honorable Colleen McMahon
United States District Judge

8