McMahon, J

USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #:
    7/3/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
KYLE PIPPINS, JAMIE SCHINDLER, and EDWARD
LAMBERT, Individually and On Behalf of All Others
Similarly Situated,

                Plaintiffs,

                -against-

KPMG LLP,

                Defendant.
---------------------------------------- X

11 CV 0377 (CM)(JLC)

ECF Case

**STIPULATION REGARDING
CERTAIN DISCOVERY
MATTERS**

       WHEREAS, the parties have continued to meet and confer regarding KPMG's obligations concerning the preservation of the hard drives of departed and departing employees that are members of the putative collective or class; and

       WHEREAS, the parties have agreed that Plaintiffs' third-party consultant (as designated below) will inspect a limited number of hard drives (the "Designated Hard Drives") of departed employees who are members of the putative collective or class; and

       WHEREAS, the parties have agreed to use the results of the inspection of the Designated Hard Drives in further meet and confer efforts regarding KPMG's obligations concerning the preservation of hard drives of departed and departing employees who are members or become members of the putative collective or class;

       IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs and KPMG, that:

1. Plaintiffs have disclosed that they intend to use D4 Discovery as a consultant in computer forensics ("Consultant") to inspect the Designated Hard Drives. KPMG does not object to the designation of D4 as Consultant.

2. KPMG shall provide to Consultant a forensic image (the "Forensic Images") of one (1) previously collected hard drive for each of the following five (5) former employees who are members of the putative collective or class:

   a. Bradley, Samuel
   b. Pippins, Kyle
   c. Young, Keeley
   d. Marsala, Stephen
   e. Romero, Amy

3. For purposes of paragraph 2, above, the phrase "forensic" shall mean bitstream clones from source media to sterilized target media, carrying to the target media all unallocated clusters, volume interspace, and file slack that exists on the sources being copied.

4. Prior to receiving the Forensic Images from KPMG, Consultant will agree to the terms of the Stipulated Protective Order and the Supplemental Stipulated Protective Order and will agree to comply with the terms of each document by signing an acknowledgement in the form attached to each. Consultant will also acknowledge its agreement to comply with the terms of this stipulation by signing the acknowledgment attached as Exhibit A.

5. Consultant shall, at all times when the Forensic Images are within its possession, custody, or control, take all reasonable steps to protect the confidentiality and security of such Forensic Images and information contained thereon or extracted, copied or migrated in whole or in part therefrom.

6. During the "Inspection Period," the only persons authorized to inspect, handle, or

otherwise have access to the Forensic Images, or any data extracted or otherwise obtained from the Forensic Images, will be employees of Consultant assigned to this project. During the Inspection Period, no member of the putative collective or class or his/her respective counsel will inspect or otherwise handle or have access to the Forensic Images or any data extracted or otherwise obtained from the Forensic Images.

7. Consultant will provide to KPMG a signed receipt via e-mailed PDF at the time it receives the Forensic Images. The receipt will, in addition to providing documentation of the chain of custody of the Forensic Images using Consultant's standard chain of custody form, include the MD5 hash value of each Forensic Image, the serial number of the hard drive(s) or other media upon which each Forensic Image is provided to Consultant, the date of receipt, and the name of the individual that received each Forensic Image. KPMG will provide a similar receipt to Consultant when Consultant returns the Forensic Images to KPMG. Consultant will document the chain of custody for the Forensic Images during the time that they are in Consultant's possession, custody, and control.

8. Consultant may inspect each Forensic Image in any way it deems appropriate within the standards of its industry for purposes of this Stipulation and the subject matter herein. However, the only information that may be disclosed to members of the putative collective or class or their counsel shall be:

   a. "Usage Information," which shall be defined to include information on the Forensic Images that is system-generated and does not include user-created content. Examples of Usage Information within the Microsoft Windows

3

operating system are event logs, system logs, application logs, and similar data.

b. Summaries or indexes of metadata fields for documents and emails contained within the Forensic Images, such as file extensions; authors; senders and recipients of emails; date and time information; file sizes; and similar information that does not disclose the content of the documents or emails to which it relates. Any such summary or index shall not contain file names, folder paths, or email subjects and in no event will the contents of any document or email be disclosed.

9. Consultant will complete its inspection within four (4) weeks of receipt of the Designated Hard Drives (the "Inspection Period"). Within two (2) weeks after Consultant completes its inspection plaintiffs will provide to KPMG a written proposal containing information concerning the data it seeks preserved and: (1) the number or percentage of hard drives of currently departed and future departing Putative or Collective Class members from which plaintiffs seek this data; and (2) a brief (one page or less) summary of the reasons and rationale for the parties' positions. Within one (1) week after receipt of plaintiffs' proposal, KPMG will provide a brief (one page or less) counterproposal to plaintiffs containing the same information. The parties will thereafter meet and confer during a one (1) week period in an attempt to reach agreement on KPMG's preservation of hard drives. Any reports, documents, listings or other information upon which the parties intend to rely in support of their respective positions will be exchanged during the meet and confer process. Should the meet and confer discussions fail to result in a resolution of this

issue, the parties will not be limited to the brief (one page or less) summary of the reasons and rationale for the parties' positions in subsequent motion practice and briefing, if any.

10. Any data or information extracted by Consultant from the Forensic Images shall be extracted using forensic processes that preserve the integrity of such data, including, where applicable, all metadata and MD5 hash values for such data or information.

11. If KPMG's motion for summary judgment is denied, plaintiffs expect to seek discovery of the contents of certain of the documents, emails, and other information on the Designated Hard Drives and other hard drives, as agreed on by the parties or ordered by the Court. Should KPMG's motion for summary judgment be denied, the parties agree to meet and confer concerning what documents, emails, and other information, if any, contained on the Designated Hard Drives and other hard drives should be produced. Should the parties or the Court determine that documents, emails, or other information contained on any Designated Hard Drive or other hard drive are subject to production, KPMG will produce such documents or emails independently and pursuant to the ESI Protocol previously agreed upon by the Parties.

12. The Parties agree that production of the Forensic Images for inspection by Consultant shall not waive any privilege or other protection against disclosure applicable to any document, email, or other data contained within the Forensic Images.

13. When Consultant returns the Forensic Images to KPMG upon completion of the Inspection Period, Consultant shall confirm in a signed written document via e-mailed PDF that it has strictly followed the terms of this Stipulation.

14. Consultant shall return the Forensic Images to KPMG at the end of the Inspection Period. Consultant shall also return to counsel for KPMG, or destroy and certify to counsel for all parties that it has destroyed, any copies (full or partial) that it may have made of the Forensic Images or any data extracted or otherwise obtained from the Forensic Images, in connection with its work on this matter. KPMG shall retain the returned Forensic Images for the duration of this litigation.

15. Plaintiffs shall bear all of the costs of the work of Consultant in connection with the inspection described in this Stipulation but reserve their right to apply to the Court for reimbursement of such costs under any applicable statute or agreement that gives Plaintiffs such a right. KPMG reserves all of its rights regarding reimbursement or recovery of the costs it incurred relating to preservation.

16. This Stipulation shall continue in effect until otherwise agreed to by the Parties in writing or ordered by the Court.

17. Nothing in this Stipulation limits or expands any party's rights with respect to discovery issues not explicitly addressed herein. Nothing in this Stipulation limits or expands any party's rights with respect to periods outside of the Inspection Period, except as explicitly addressed herein.

**SO STIPULATED:**

6

Dated: June 28, 2012

| OUTTEN & GOLDEN LLP | SIDLEY AUSTIN LLP |
|---|---|
| By: _____ | By: _____ |
| Justin M. Swartz | Colleen M. Kenney |

Justin M. Swartz
Rachel M. Bien
Dana G. Sussman
3 Park Avenue, 29th Floor
New York, New York 10016
Tel.: (212) 245-1000
Fax: (212) 977-4005
Email: jms@outtengolden.com
Email: rmb@outtengolden.com
Email: dsussman@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (pro hac vice)
Susan H. Stern (pro hac vice)
Keith M. Stern (pro hac vice)
1515 South Federal Highway, Suite 4-4
Boca Raton, Florida 33432
Tel.: (561) 447-8888
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com
Email: sstern@shavitzlaw.com
Email: kstern@shavitzlaw.com

*Attorneys for Plaintiffs*

Andrew W. Stern
Alex J. Kaplan
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
Email: astern@sidley.com
Email: ajkaplan@sidley.com

Michael C. Kelley (pro hac vice)
Jennifer Altfeld Landau (pro hac vice)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
Email: mkelley@sidley.com
Email: jlandau@sidley.com

Colleen M. Kenney (pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: ckenney@sidley.com

*Attorneys for Defendant*

SO ORDERED:

Dated: _____3/July_____, 2012

_____ Colleen Mahon
The Honorable James L. Cott
United States Magistrate Judge

## Exhibit A

## Acknowledgment and Agreement

Consultant will confirm by an authorized signature below its receipt of, and agreement to be bound by, the foregoing procedures.

Accepted and Agreed:

_____
Consultant

By: _____

Dated: _____