McMahon, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
KYLE PIPPINS, JAMIE SCHINDLER, and EDWARD
LAMBERT, Individually and On Behalf of All Others
Similarly Situated,

         Plaintiffs,

    -against-

KPMG LLP,

         Defendant.
------------------------------------------------- X

11 CV 0377 (CM)(JLC)

ECF Case

STIPULATION AND [PROPOSED]
ORDER REGARDING LATE OPT-
INS

WHEREAS, the Court-approved 90-day deadline for the filing of consents to join this matter as a Party Plaintiff was May 28, 2012.

WHEREAS, on July 9, 2012, this Court entered a Stipulated Order Regarding Late Opt-Ins. ECF No. 298. Pursuant to that Order, 27 individuals filed consents to join this matter after the May 28, 2012 deadline. That Court also ordered that any Late Opt-In be filed on or before July 6, 2012 and that "[n]o additional late consents to join will be permitted after this date absent agreement of the parties and the Court's permission." *Id.*

WHEREAS, counsel for Plaintiffs informed KPMG LLP ("KPMG") on July 16, 2012 that they received consents to join from Kei Kuramoto, Samantha Anderegg Boticki, and Tia A. (Hutson) Finn dated after the May 28, 2012 deadline.

WHEREAS, counsel for Plaintiffs informed KPMG LLP ("KPMG") on September 6, 2012 that they received an additional consent to join from Michael A. Harris dated after the May 28, 2012 deadline.

WHEREAS, counsel for Plaintiffs informed KPMG LLP ("KPMG") on October 15, 2012 that they received an additional consent to join from Samantha (Hui Shan) See dated after the

May 28, 2012 deadline.

WHEREAS, KPMG believes that the consents to join submitted by Kuramoto, Anderegg Boticki, (Hutson) Finn, Harris, and See ("Late Opt-Ins") are untimely and that the claims asserted by these individuals are not subject to the tolling of the statute of limitations ordered by the Court on April 15, 2011. Plaintiffs believe that that the claims asserted by these individuals are subject to the tolling of the statute of limitations ordered by the Court on April 15, 2011. Based on a preliminary investigation, KPMG believes that the claims the Late Opt-Ins would be barred in whole or part absent application of the tolling of the statue of limitations, and therefore KPMG may suffer prejudice if the Late Opt-Ins are permitted to file claims in this matter that may be determined to relate back for purposes of tolling.

WHEREAS, counsel for Plaintiffs stated that the Late Opt-Ins will initiate a new action on behalf of the Late Opt-Ins absent an agreement to file the consents to join in this matter.

WHEREAS, Plaintiffs and KPMG (collectively, "the Parties") agree that the Court's ruling on the Parties' pending motions for summary judgment may obviate the need to addresses issues related to the Late Opt-Ins.

WHEREFORE, in order to avoid burdening the Court with an additional lawsuit and/or potentially unnecessary motion practice related to this issue, while protecting the Parties' respective positions thereto, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs and KPMG, that:

1. Consents to join for the Late Opt-Ins may be filed in this matter subject to the following:
    a. The issue of whether the tolling of the statute of limitations ordered by the Court on April 15, 2011 will apply to these claims will be deferred for later resolution – either by agreement of the Parties or motion practice (if necessary) after the Court's

resolution of the Parties' pending motions for summary judgment.

b. The Late Opt-Ins will be deemed to have asserted claims as of the date that their consents to join are filed, such that they will be no worse off *vis a vis* the limitations period than if they filed an independent action on the same date.

2. The provisions of the [Proposed] Stipulation Regarding Late Opt-Ins will be applicable to any individual that has filed a late consent to join this matter as a Party Plaintiff on or before October 23, 2012. No additional late consents to join will be permitted after this date absent agreement of the parties and the Court's permission.

SO STIPULATED:

Dated: October [ ] 2012

**OUTTEN & GOLDEN LLP**

By: _____
   Elizabeth Wagoner

Justin M. Swartz
Rachel M. Bien
Elizabeth Wagoner
3 Park Avenue, 29th Floor
New York, New York 10016
Tel.: (212) 245-1000
Fax: (212) 977-4005
Email: jms@outtengolden.com
Email: rmb@outtengolden.com
Email: ewagoner@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (pro hac vice)
Susan H. Stern (pro hac vice)
Keith M. Stern (pro hac vice)
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel.: (561) 447-8888
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com

**SIDLEY AUSTIN LLP**

By: _____
   Colleen M. Kenney

Andrew W. Stern
Alex J. Kaplan
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
Email: astern@sidley.com
Email: ajkaplan@sidley.com

Michael C. Kelley (pro hac vice)
Jennifer Altfeld Landau (pro hac vice)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
Email: mkelley@sidley.com
Email: jlandau@sidley.com

Colleen M. Kenney (pro hac vice)
One South Dearborn Street

3

Email: sstern@shavitzlaw.com
Email: kstern@shavitzlaw.com

*Attorneys for Plaintiffs*

SO ORDERED:

Dated: 18 Oct, 2012

_____
The Honorable Colleen McMahon
United States District Judge

Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: ckenney@sidley.com

*Attorneys for Defendant*

4