| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **SHAVITZ LAW GROUP, P.A.** |
| Justin M. Swartz | Gregg Shavitz (admitted *pro hac vice*) |
| Rachel Bien | Keith Stern (admitted *pro hac vice*) |
| Elizabeth Wagoner | Susan Stern (admitted *pro hac vice*) |
| 3 Park Avenue, 29th Floor | 1515 S. Federal Highway, Suite 404 |
| New York, New York 10016 | Boca Raton, Florida 33432 |
| Telephone: (212) 245-1000 | Telephone: (456) 447-8888 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KYLE PIPPINS, JAMIE SCHINDLER, and EDWARD LAMBERT, individually and on behalf of all others similarly situated,

                      Plaintiffs,

    v.

KPMG LLP,

                      Defendant.

No. 11 Civ. 0377 (CM) (JLC)

### DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY THE FEBRUARY 3, 2012 HARD DRIVE ORDER TO TRANSFER THE COST OF PRESERVING CERTAIN HARD DRIVES PENDING APPEAL

I, Justin M. Swartz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

    1.    I am a partner at Outten & Golden LLP, which, together with Shavitz Law Group, P.A., are Plaintiffs' counsel herein. I am an attorney in good standing admitted to practice in the State of New York and before this Court. I make this Declaration in opposition to Defendant's Motion to Modify the February 3, 2012 Hard Drive Order to Transfer the Cost of Preserving Certain Hard Drives Pending Appeal.

2. I have been one of the attorneys principally responsible for the prosecution of this case. I make the statements in this Declaration based on personal knowledge and would so testify if called as a witness at trial.

*History of Hard Drive Preservation*

3. On November 26, 2012, Plaintiffs returned a revised version of KPMG's preservation proposal in the form of a stipulation. Attached as **Exhibit 1** is a true and correct copy of the Email of November 26, 2012 ("Email of Nov. 26, 2012").

4. On December 10 and 11, 2012, the parties then filed letters with the Court stating their respective views on KPMG's preservation duties. Attached as **Exhibit 2** is a true and correct copy of the Endorsed Letter of December 10, 2012, ECF No. 350. ("Endorsed Letter of Dec. 10, 2012"). Attached as **Exhibit 3** is a true and correct copy of the Endorsed Letter of December 11, 2012, ECF No. 351 ("Endorsed Letter of Dec. 11, 2012").

5. On December 18, 2012, Plaintiffs then followed up with an email requesting KPMG's input on the stipulation to which KPMG's counsel responded the following day that "[w]e will need more time to discuss internally. We will get back to you as soon as we can. Are you in the office next week?" Attached as **Exhibit 4** is a true and correct copy of the Email of December 18, 2012 ("Email of Dec. 18, 2012") and **Exhibit 5** is a true and correct copy of the Email of December 19, 2012 ("Email of Dec. 19, 2012").

6. On December 23, 2012, Plaintiffs followed up again specifically observing as follows: "Please take as much time as you need but also please understand that we would like to enter into an agreement like the one we previously negotiated that imposes little if any costs on KPMG going forward." Attached as **Exhibit 6** is a true and correct copy of the Email of December 23, 2012 ("Email of Dec. 23, 2012").

7. On December 27, 2012, Plaintiffs followed up with KPMG Counsel with another letter to resume talks. Attached as **Exhibit 7** is a true and correct copy of the Letter from Justin M. Swartz to Colleen Kenney of December 27, 2012 ("Letter of Dec. 27, 2012").

8. On January 7, 2013, KPMG counsel sent its final correspondence about cost shifting. Attached as **Exhibit 8** is a true and correct copy of the Letter from Colleen Kenney to Justin M. Swartz of January 7, 2013 ("Letter of Jan. 7, 2013").

9. On February 27, 2013, KPMG Counsel, Colleen Kenney, told Plaintiffs' counsel Justin M. Swartz – while at the courthouse in New Jersey on another KPMG matter – that KPMG counsel determined that it would make sense to wait until the Court had ruled on Plaintiffs' motion for reconsideration.

**Exhibits**

10. Attached as **Exhibit 9** is a true and correct copy of excerpts from the deposition transcript of Edward Lambert, dated May 16, 2011 ("Lambert Dep. Tr.").

11. Attached as **Exhibit 10** is a true and correct copy of excerpts from the deposition transcript of Jamie M. Schindler, dated May 3, 2011 ("Schindler Dep. Tr.").

12. Attached as **Exhibit 11** is a true and correct copy of excerpts from Volume II of the deposition transcript of Keeley Young, dated June 7, 2011 ("Young Dep. Tr.").

13. Attached as **Exhibit 12** is a true and correct copy of excerpts from Volume I of the deposition transcript of KPMG's Rule 30(b)(6) witness , David J. Butler, dated April 25, 2012 ("Butler Dep. Tr.").

14. Attached as **Exhibit 13** is a true and correct copy of the Declaration of John Clingerman and supporting exhibits ("Clingerman Decl.").

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 22, 2013
　　　　New York, New York

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**OUTTEN & GOLDEN LLP**

　　　　　　　　　　　　　　　　　　By:
　　　　　　　　　　　　　　　　　　/s/ Justin M. Swartz

　　　　　　　　　　　　　　　　　　Justin M. Swartz
　　　　　　　　　　　　　　　　　　Rachel Bien
　　　　　　　　　　　　　　　　　　Elizabeth Wagoner
　　　　　　　　　　　　　　　　　　3 Park Avenue, 29th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　Telephone: 212-245-1000
　　　　　　　　　　　　　　　　　　Facsimile: (212) 977-4005

　　　　　　　　　　　　　　　　　　**SHAVITZ LAW GROUP, P.A.**
　　　　　　　　　　　　　　　　　　Gregg Shavitz (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　Keith Stern (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　Susan Stern (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　1515 South Federal Highway, Suite 404
　　　　　　　　　　　　　　　　　　Boca Raton, FL 33432
　　　　　　　　　　　　　　　　　　Telephone: (561) 447-8888
　　　　　　　　　　　　　　　　　　Facsimile: (561) 447-8831

　　　　　　　　　　　　　　　　　　**Attorneys for Plaintiffs**